**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

------------------------------------------------------------------x
             :  No. _____

ML FASHION, LLC and ML RETAIL, LLC,    :

             :

        Plaintiffs,    :  <u>VERIFIED COMPLAINT</u>

             :

    v.      :  **JURY DEMAND**

             :

NOBELLE, STEPHANIE MENKIN, SARIT    :

MAMAN NAGRANI, and    :

NICOLAS GOUREAU,    :

             :

        Defendants.    :

------------------------------------------------------------------x

**COMPLAINT AND APPLICATION FOR IMMEDIATE, PRELIMINARY, AND**
**<u>PERMANENT INJUNCTIVE RELIEF</u>**

Plaintiff ML Fashion, LLC ("ML Fashion") and ML Retail, LLC ("ML Retail") (collectively, "Plaintiffs"), by their undersigned attorneys, as and for its Complaint and Application for Immediate, Preliminary, and Permanent Injunctive Relief (the "Complaint") against Defendants Nobelle ("Nobelle"), Stephanie Menkin ("Menkin"), Sarit Maman Nagrani ("Nagrani"), and Nicolas Goureau ("Goureau") (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.    This is an action for conversion, breach of fiduciary duty, breach of contract, tortious interference, fraud, violations of the Lanham Act, as well as request for immediate, preliminary and permanent injunction. Plaintiff ML Fashion operates a retail clothing business, while Plaintiff ML Retail is one of three members of ML Fashion and a party to the governing LLC agreement. Defendants Menkin and Goureau are also members and/or officers of Plaintiff ML Fashion. Defendant Nagrani is a former employee of ML Fashion.

2.     In violation of their fiduciary duties, applicable law, and/or contractual obligations to Plaintiffs, Defendants illegally seized computers, fixtures, clothing and other inventory owned by ML Fashion; opened up a retail store called Nobelle in direct competition with ML Fashion at a property formerly operated by ML Fashion, at which Defendants have no right to operate; and are selling ML Fashion's inventory at that competing retail store for Defendants' own benefit, all the while jeopardizing the jobs of Ml Fashion's 33 part-time and full time employees, the continuing viability of ML Fashion and depleting collateral for loans made to ML Fashion by ML Retail allowing it to operate.

3.     Worse still, inexplicably Defendants are conducting this scheme and continuing misconduct while Menkin and Goureau *themselves* brought unsupported claims against ML Retail and ML Fashion in two lawsuits pending in Delaware and New York to divert attention from their own misconduct.  Plaintiffs are entitled to protect the jobs of its employees, protect ML Retail's collateral, protect the on-going business, the return of their property, damages, and injunctive relief to prevent Defendants continued improper sale of ML Fashion's inventory and operation of a competing retail business.

## PARTIES

4.     Plaintiff ML Fashion is a limited liability company organized under the laws of Delaware with its principal place of business in New York.  Plaintiff owns and operates fashion brands and retail stores across the country.

5.     Plaintiff ML Retail is a limited liability company organized under the laws of Delaware with its principal place of business in Illinois.  ML Retail owns a 33.3% membership interest in ML Fashion.  The sole member of ML Retail is Marcus Lemonis, a citizen of Illinois.

6.     Defendant Nobelle on information and belief is a newly formed limited liability company organized under the laws of New York with its principal place of business in Connecticut.

7.     Defendant Stephanie Menkin is an individual residing in New York.  Menkin owns a 33.3% membership interest in, and is an officer of, ML Fashion.  Defendant Menkin may be served with process at 332 South Shore Road Bastrop, Texas 78602, 188 East 70th Street, Apt. 17A New York, New York 10021, 175 E. 62nd Street, Apt. 7D, New York, New York 10065-1991, or wherever she may be found.

8.     Defendant Sarit Maman Nagrani is an individual residing in Hewlett, New York, Nassau County.  On information and belief, Defendant Nagrani is a founder and co-owner of Nobelle along with Defendant Menkin.  Defendant Nagrani may be served with process at 1498 Kew Ave., Hewlett, New York, 11557-1415 and 47 Bergman Drive, Hewlett, New York 11557, or wherever she may be found.

9.     Defendant Nicolas Goureau is an individual residing in Florida.  Goureau owns a 33.3% membership interest in ML Fashion.  Defendant Goureau may be served with process at 138 E. 71st Street, New York, New York 10021-5011 and 45 SW 9th Street, Apt. 3603, Miami, Florida 33130, or wherever he may be found.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and over the state law claims pursuant to ancillary, pendent and supplemental jurisdiction, including under 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over Defendants by reason of, among other things, their systematic and continuous contacts with this forum, their misappropriation of

property and moving that property out of this forum, and because they have tortiously interfered with agreements between Plaintiffs that have mandatory choice-of-law, jurisdiction, and venue provisions in Chicago, Illinois. Further, Menkin and Goureau are closely related parties to those agreements as Menkin signed on behalf of ML Fashion and Goureau is 33% member of ML Fashion, therefore both could foresee their tortious interference with these agreements would bring them within the scope of the agreements.

12.     Defendants Menkin and Goureau have also committed tortious and illegal behavior, as outlined below, that occurred in Cook County, Illinois, and/or were specifically and purposefully aimed at harming Plaintiffs in Cook County, Illinois, thus subjecting themselves to this Court's general and specific personal jurisdiction pursuant to due process and/or the Illinois long arm statute, 735 ILCS 5/2-209.

13.     This Court has personal jurisdiction over all Defendants because, among other things, they intentionally and tortiously interfered with a contract having a personal jurisdiction provision limited to Cook County, Illinois, thus subjecting themselves to this Court's general personal jurisdiction pursuant to due process and/or the Illinois long arm statute, 735 ILCS 5/2-209. Defendants Nobelle and Nagrani have also committed tortious and illegal behavior, as outlined below, that occurred in Cook County, Illinois, and/or were specifically and purposefully aimed at harming Plaintiffs in Cook County, Illinois.

14.     Venue is proper in this District under 28 U.S.C. § 1391(a) and because: (1) a substantial part of the events giving rise to the claims occurred in the Northern District of Illinois; (2) a mandatory venue provision requires exclusive venue in Cook County, Illinois, and (3) Defendants are otherwise subject to personal jurisdiction in this venue.

## FACTS

15.     In or about 2014, Defendants Menkin and Goureau solicited an investment from Marcus Lemonis ("Lemonis") to rescue their failing fashion retail business, operating under the brand name "Courage.B."

16.     Lemonis resides in Illinois.

17.     In connection with their solicitation of an investment from Lemonis to rescue their business, in or about 2014, Defendants Menkin and Goureau appeared on Lemonis' popular CNBC television series, "The Profit."

18.     While appearing on "The Profit," Defendants Menkin and Goureau admitted that their business had been poorly run and had lost more than $500,00 the year before and that they just completed a lawsuit against their step-father involving the business.

19.     In or about 2014, Lemonis agreed to invest $800,000 in Menkin's and Goureau's failing business in order to allow their business to purchase inventory, pay other fees and for Goureau to receive monies for the first time in exchange for ML Retail, for which Lemonis serves as managing member, receiving an ownership stake in that business.

20.     After Lemonis invested in, and became a part owner of, Plaintiff's business, the business acquired new brands and opened new stores.

21.     In or about 2016, Menkin, Goureau, and Plaintiff ML Retail formed ML Fashion to oversee and operate their expanding fashion retail business.

22.     ML Fashion advertises and sells its products in interstate commerce.

23.     Lemonis is ML Fashion's managing member.

24.     On or about March 29, 2016, Menkin, Goureau, and ML Retail entered into a limited liability company agreement for ML Fashion (the "LLC Agreement") (attached hereto as **Exhibit 1** to the Complaint).

25.     Menkin and Goureau each signed the LLC Agreement individually.

26.     Lemonis signed the LLC Agreement on behalf of ML Retail in Illinois.

27.     **Exhibit A** of the LLC Agreement provides that ML Retail owned a 33.4% membership interest in ML Fashion, and that Menkin and Goureau each owned a 33.3% membership interest in ML Fashion.

28.     **Exhibit B** of the LLC Agreement provides that Lemonis is the chairman and CEO of ML Fashion, and that Menkin serves as ML Fashion's president.

29.     Section 2.7 of the LLC Agreement provides that ML Fashion holds title to all of its property, and that no member of ML Fashion has an ownership interest in ML Fashion's property.

30.     Section 6 of the LLC Agreement provides that the management of ML Fashion is "vested entirely and exclusively in" the manager of ML Fashion (the "Manager").

31.     Section 6.1(b) of the LLC Agreement provides that the Manager of ML Fashion is Marcus Lemonis.

32.     Section 7.1 of the LLC Agreement provides that ML Fashion's members do not have any right to participate in the management or control of ML Fashion, or to act for or bind ML Fashion in any way.

33.     Section 7.7(b) of the LLC Agreement provides that members of the ML Fashion, during the time that they are members and in the 12 months following the end of their membership in ML Fashion, shall not, *inter alia*, "engage in any business, have any financial

interest in any company or entity that engages in any business or make any loans to any company or entity that engages in any business that engages in or competes, directly or indirectly, with" ML Fashion's business.

34.     Section 7.7(d) of the LLC Agreement provides that the members of ML Fashion, including Menkin and Goureau, agree that breaches of Section 7.7(b) of the LLC Agreement "would be highly injurious and cause irreparable harm" to ML Fashion, and that ML Fashion is accordingly entitled to seek specific performance or injunctive relief as a result of any such breaches.

35.     Beginning in or about 2016, ML Fashion operated retail stores across the country, including a "MARCUS" store at 85 Greenwich Avenue, Greenwich, Connecticut (the "Greenwich Property").

36.     ML Fashion sold clothing and other fashion-related retail products at the Greenwich Property until in or about 2020, including paying payroll and rent.

37.     ML Fashion is the owner of the fixtures, furniture, and equipment ("FFE") in the Greenwich Property.  This FFE is collateral for a multi-million dollar loan between ML Retail and ML Fashion.

38.     ML Fashion has 33 part-time or full-time employees.

39.     Following the formation of ML Fashion, Menkin served as ML Fashion's president.

40.     Following the formation of ML Fashion, Goureau, Menkin and Goureau's mother took in excess of $2,000,000 from ML Fashion including paying monies to Goureau's mother ($175,000 annually) who provided no services to ML Fashion.  Lemonis received no monies from ML Fashion.

41.    Following the formation of ML Fashion, despite the fact that Lemonis received no monies, ML Retail invested significant sums into ML Fashion and its related businesses to keep them afloat.

42.    Lemonis was never paid a salary or reimbursed for expenses in his role as the manager and an officer of ML Fashion, and never otherwise took any money out of the company as the company did not have sufficient funds to pay Lemonis all the while the business was paying Goureau's mother $175,000 annually even though she provided no services and Menkin was specifically instructed not to pay such monies to her mother.

43.    Following the formation of ML Fashion, neither Menkin nor Goureau put any money into ML Fashion or its related businesses.

44.    From 2016 through at least early 2020, Defendants Menkin and Goureau repeatedly and improperly utilized ML Fashion's funds for their own personal purposes, including payments for personal expenses, payments to family members, cars, extensive travel, hotel stays and a nanny.  Throughout, Menkin and Goureau also continued to use without authority company credit cards and shipping accounts for their own personal use.

45.    From 2016 through at least early 2020, Defendants Menkin and Goureau utilized Lemonis' name, image, and likeness, and his "The Profit" television series, to promote themselves and their business ventures and appeared on the show on several occasions to further promote themselves and their "successful business partnership with Lemonis."

46.    In or about 2020, Lemonis discovered Menkin's and Goureau's misconduct and improper use of ML Fashion's funds for Menkin's and Goureau's personal expenses and diverting company assets.

47.     On or about June 18, 2020, Menkin and Goureau filed simultaneous, duplicative lawsuits against, *inter alia*, Lemonis and ML Retail in Delaware state court (the "Delaware Action") and in the United States District Court for the Southern District of New York (the "New York Action") in an attempt to avoid culpability for their improper use of ML Fashion's funds for their own personal use and in a misguided scheme to attempt to extract even more money from ML Fashion, ML Retail, and Lemonis.

48.     Among other things, the Delaware Action seeks to prevent Lemonis and ML Retail from continuing to operate ML Fashion and to dissolve ML Fashion so that Menkin and Goureau can take ML Fashion's assets for themselves.

49.     Following the filing of the Delaware Action and the New York Action, Menkin and Goureau engaged in this further scheme and misconduct as described herein.

50.     In or about 2020, Menkin, Goureau, and Nagrani formed "Nobelle," a competing clothing store.  Nagrani claims on social media posts that she is president of Nobelle, while both Nagrani and Menkin admit to founding Nobelle.

51.     In or about August 2020, Nobelle, Menkin, and Nagrani seized ML Fashion's inventory, private brands, and products (the "Inventory") out of ML Fashion's locations in Illinois and began occupying and operating a retail store at the Greenwich Property in Connecticut under the "Nobelle" brand name to sell the Inventory, all without Lemonis', ML Fashion's or ML Retail's authorization or consent.

52.     Specifically, assets and Inventory belonging to ML Fashion were removed from various locations in Illinois and now are located in the Nobelle store, causing harm in Illinois.

53.     Included among the Inventory Menkin and Goureau removed from ML Fashion's Illinois stores are exclusive privately branded ML Fashion products.

54. Nobelle, Menkin, and Nagrani are selling ML Fashion's Inventory at the Greenwich Property without ML Fashion's authorization or consent, and are keeping the proceeds from such sales for themselves, without making any payments to ML Fashion.

55. Nobelle, Menkin, and Nagrani are also utilizing the FFE owned by ML Fashion at the Property, without ML Fashion's authorization or consent.

56. Both the Inventory and FFE are collateral for a multi-million dollar loan between ML Fashion and ML Retail ("Loan"), which are secured by a Credit Agreement (attached hereto as **Exhibit 2** to the Complaint) and a Security Agreement (attached hereto as **Exhibit 3** to the Complaint), both of which have mandatory choice-of-law, forum, and/or venue provisions in Illinois. Menkin signed both of these Agreements on behalf of ML Fashion, making her a closely-related party to these agreements. Goureau, as member of ML Fashion and signatory to the LLC Agreement individually, is also a closely-related party to the Credit and Security Agreements. Lemonis, while in Illinois, signed the Credit Agreement and Security Agreement on behalf of ML Retail, both of which are located in Illinois.

57. Without the Inventory and the FFE, and the proceeds from the sale of the Inventory, ML Fashion's full performance under the Credit Agreement and Security Agreement will be impossible. Further, the jobs of the existing 33 part-time and full-time employees are jeopardized.

58. Menkin and Goureau, as closely related parties, are tortiously interfering with Illinois contracts (e.g., the Credit and Security agreements) with mandatory choice-of-law, jurisdiction, forum, and venue provisions.

59. Nobelle, Menkin, and Nagrani, are promoting Nobelle's illicit business at the Greenwich Property through a website and social media pages, including on Facebook and

Instagram, which depict Defendants' exclusive possession of the Greenwich Property, sales of the Inventory and use of the FFE.  Examples of these social media pages are attached as **Exhibits 4-6** to this Complaint.  (**Exhibit 4** - Nobelle's Website as of August 31, 2020; **Exhibit 5** - Nobelle's Instagram Account as of August 31, 2020; **Exhibit 6** - Nobelle's Facebook page as of August 30, 2021).

60.     Menkin admits her affiliation as a co-founder of Nobelle, along with Nagrani, in her Instagram post.  (*See* Ex. 5)

61.     Upon information and belief, Goureau has aided and abetted Nobelle's and Menkin's improper seizure and sale of ML Fashion's Inventory, and their improper occupation and use of the Greenwich Property and the FFE, by, *inter alia*, misappropriation and unauthorized use of ML Fashion computers to set up computer software accounts on Nobelle's behalf at the Greenwich Property.  These computers further contain ML Fashion confidential financial information.

62.     Moreover, Menkin and Goureau are breaching their obligations to both ML Fashion and ML Retail under the LLC Agreement by operating a business, Nobelle, that is in direct competition with ML Fashion.

63.     Prior to filing this Complaint, ML Fashion demanded that Defendants return the improperly seized Inventory and FFE.

64.     Plaintiffs are being damaged by Defendants' ongoing misconduct, including due to the fact that Defendants' unauthorized sale of ML Fashion Inventory at a store formerly operated by, ML Fashion is confusing consumers and damaging ML Fashion's reputation and goodwill, is preventing ML Fashion from being able to perform under the Credit and Security Agreements, and is jeopardizing the continued employment of ML Fashion's 33 employees.

65.     Lemonis, as the manager of each of the Plaintiffs, has authorized them to bring this suit.

## FIRST CAUSE OF ACTION
### (Conversion by ML Fashion Against All Defendants)

66.     Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67.     ML Fashion owns the Inventory currently being held and/or offered for sale by Nobelle at the Greenwich Property.  ML Fashion also owns the computers Nobelle is currently using, which also contain ML Fashion confidential financial information.

68.     Nobelle, at the direction of Menkin and utilizing the computer system set up by Goureau on ML Fashion's stolen computer (containing confidential ML Fashion financial information), has stolen ML Fashion's Inventory and FFE, and has prevented ML Fashion from utilizing or possessing that Inventory and FFE.

69.     ML Fashion has demanded the return of the computers, Inventory and FFE from Defendants.

70.     ML Fashion has suffered damages as a result of Defendants' misconduct, including but not limited to loss of exclusive possession of its property, lost profits from the sale of the Inventory, and the value of the stolen computers, Inventory and FFE.   In addition, by unlawfully seizing the collateral of the Loan, Defendants' actions risk default on the Loan, further causing ML Fashion harm

71.     By reason of the foregoing, ML Fashion is entitled to injunctive relief for the return of the Inventory and FFE as well as damages in an amount to be determined at trial and an order requiring Defendants to return the unsold, converted Inventory and FFE to ML Fashion.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty by ML Fashion Against Menkin and Goureau)

72. Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. Menkin is a member and officer of ML Fashion.

74. Goureau is a member of ML Fashion.

75. As members and/or officers of ML Fashion, Menkin and Goureau owed fiduciary duties to ML Fashion.

76. Menkin and Goureau have breached their fiduciary duties to ML Fashion by, among other things: (a) seizing computers, Inventory and FFE owned by ML Fashion without ML Fashion's authorization or consent; (b) using ML Fashion's Inventory and FFE to generate profits for Menkin, Goureau, and Nobelle; (c) occupying the Greenwich Property formerly operated by ML Fashion and excluding ML Fashion from that property; and (d) operating a business, Nobelle, that is competing with ML Fashion.

77. ML Fashion has been irreparably harmed and damaged by Menkin's and Goureau's breaches of their fiduciary duties, including jeopardizing the existence of the business, jobs and reputation, which money cannot make whole, as well as lost profits, the lost value of the Inventory and FFE improperly seized, and loss of use of the Greenwich Property.

78. By reason of the foregoing, ML Fashion is entitled to injunctive relief and damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Breach of Contract by Plaintiffs Against Menkin and Goureau)

79. Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 78 of this Complaint as if fully set forth herein.

13

80.     ML Retail, Menkin, and Goureau are parties to the LLC Agreement.

81.     The LLC Agreement is a valid contract.

82.     Menkin and Goureau owe obligations to both ML Retail and ML Fashion under the terms of the LLC Agreement.

83.     ML Retail and ML Fashion have each fully performed their obligations under the LLC Agreement.

84.     Menkin and Goureau have breached the LLC Agreement by, *inter alia*, operating a fashion retail business, Nobelle, that is in direct competition with ML Fashion's business, in violation of Section 7.7 of the LLC Agreement.

85.     ML Fashion has been damaged by Menkin's and Goureau's breaches of the LLC Agreement, including in the form of lost profits due to Nobelle's competition with ML Fashion.

86.     ML Retail has been damaged by Menkin's and Goureau's breaches of the LLC Agreement, including because of the impact of Menkin's and Goureau's improper competition on the value of ML Retail's membership interests in ML Fashion.

87.     In addition, Menkin and Goureau's unlawful competition diminishes the collateral on the loan between ML Fashion and ML Retail.   This further harms ML Fashion by risking default on the loan, and it harms ML Retail by reducing the value of the Loan and the likelihood of full repayment.   Moreover, the jobs of the employees of ML Fashion are jeopardized if ML Fashion ceases to operate.

88.     In Section 7.7(d) of the LLC Agreement, Menkin and Goureau expressly agreed that Plaintiffs could seek specific performance of Menkin's and Goureau's obligations under Section 7.7.

89.     By reason of the foregoing, Plaintiffs are being irreparably harmed and the existing jobs and membership interests in the business are jeopardized. Plaintiffs are also entitled to damages in an amount to be determined at trial and an order requiring Menkin and Goureau to specifically perform their obligations under Section 7.7 of the LLC Agreement by, among other things, ceasing their operation of Nobelle and any other business in competition with ML Fashion's business.

## FOURTH CAUSE OF ACTION
### (Fraud by Plaintiffs Against Menkin and Goureau)

90.     Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.     Defendants Menkin and Goureau made false statements of material fact they knew were false or made with culpable ignorance of their truth or falsity, and specifically that they would not personally take possession, custody, and control of ML Fashion FFE and Inventory and/or ML fashion funds would be used for proper business expenses not personal gain, and would only use their positions of trust within ML Fashion to advance the company's interests.  Moreover, in reliance on these representations, ML Retail continued to provide funding to ML Fashion for operations.

92.     Plaintiffs relied upon Defendants Menkin and Goureau's false statements to their detriment.

93.     Even as Plaintiffs relied upon Defendants Menkin and Goureau's false statements that they would only use ML Fashion FFE and Inventory for ML Fashion business, Defendants went behind Plaintiffs' backs, removed the ML Fashion FFE and Inventory, and are now falsely advertising to the public that ML Fashion's FFE and Inventory their own and further retaining the proceeds of the sales.

94.     As a result of Defendants fraud, Plaintiffs have suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Credit and Security Agreements Against All Defendants)

95.     Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96.     The Credit and Security Agreements are valid, enforceable, and binding contracts between Plaintiffs.

97.     All Defendants had knowledge of the Credit and Security Agreements and ML Fashion's obligations under these agreements, at least through Menkin and Goureau who are 33.33% owners of ML Fashion.

98.     As set forth above, Defendants intentionally engaged in actions in ways they knew would cause violation of the terms of these agreement.

99.     Defendants' tortious interference has rendered ML Fashion's full performance under the Credit and Security Agreements impossible.

100.    As a result of Defendants intentional interference with Plaintiffs agreements, Plaintiffs have suffered damages in an amount to be determined at trial, including but not limited to the value of the Inventory misappropriated.

## SIXTH CAUSE OF ACTION
### (Tortious Interference with Noncompetition Agreement Against All Defendants)

101.    Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 100 of this Complaint as if fully set forth herein.

102.    The LLC Agreement is a valid, enforceable, and binding contract between Plaintiffs and Defendants Menkin and Goureau.

103.     Menkin and Goureau had knowledge of the LLC Agreement and its non-competition provisions as signatories to the LLC Agreement and owners of ML Fashion.

104.     Nobelle had knowledge of the LLC Agreement and its non-competition provisions by virtue of the fact that it is controlled by Menkin, who signed and is a party to the LLC Agreement

105.     Upon information and belief, Nagrani had knowledge of the LLC Agreement and its non-competition provisions by virtue of her past employment with ML Fashion and her interactions with Menkin.

106.     Menkin and Goureau intentionally sought information and elicited actions from one another in ways that they knew would cause the other to violate the terms of the LLC Agreement.

107.     Nobelle and Nagrani elicited actions from Menkin and Goureau that they knew would cause Menkin and Goureau to violate the terms of the LLC Agreement.

108.     As a result of Defendants' intentional interference with Menkin and Goureau's contractual relationships with ML Fashion, Plaintiffs have suffered damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(Aiding and Abetting by Plaintiffs Against Menkin, Goureau, and Nagrani)**

109.     Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 108 of this Complaint as if fully set forth herein.

110.     By competing with ML Fashion using its own store, products, and Inventory, Nobelle performed a wrongful act which caused Plaintiffs injury.

111.     Menkin, Goureau, and Nagrani were aware of their role as part of the overall or tortious activity at the time they provided the assistance.

112.    Menkin, Goureau, and Nagrani knowingly and substantially assisted the principal violation.

113.    Further, by breaching the noncompetition provision of the LLC Agreement, Menkin and Goureau performed wrongful acts which caused Plaintiffs injury.

114.    Nagrani was aware of her role as part of the overall tortious activity at the time she provided the assistance.

115.    Nagrani knowingly and substantially assisted the principal violation of the LLC Agreement by Menkin and Goureau.

116.    As a result of Menkin, Goureau, and Nagrani's aiding and abetting with Nobelle's, Menkin's, and/or Goureau's wrongful and injurious acts, Plaintiffs have suffered damages in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(False Advertising under Lanham Act Against All Defendants)**

117.    Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 116 of this Complaint as if fully set forth herein.

118.    The acts and omissions of Defendants described above constitute false advertising in violation of 15 U.S.C. § 1125(a) and Illinois common and statutory law.

119.    In their commercial advertising and promotion, Defendants have used in interstate commerce words, false designations of origin, and/or false or misleading descriptions and representations of fact, which are likely to cause confusion, or to cause mistake, or to confuse or deceive as to the nature, characteristics, qualities, or geographic origin of Plaintiffs' goods, services, and commercial activities.

120.    Plaintiffs have been damaged as a proximate result of the acts and omissions of false advertising committed by Defendants.

121.     Defendants conduct has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

122.     Defendants' conduct has caused and is causing irreparable injury to Plaintiffs, including damage to Plaintiffs' reputation and goodwill and ML Fashion's ability to continue to employ its 33 employees, and unless enjoined by this Court, will continue to damage and irreparably harm Plaintiffs and to deceive the public in a manner that is not compensable by money damages.  Plaintiffs have no adequate remedy at law with respect to Defendants acts of false advertising.

<u>**NINTH CAUSE OF ACTION**</u>
**(Unfair Competition under Lanham Act Against All Defendants)**

123.     Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 122 of this Complaint as if fully set forth herein.

124.     The acts and omissions of Defendants described above constitute unfair competition in violation of 15 U.S.C. § 1125(a) and Illinois common and statutory law.

125.     Defendants have used in interstate commerce words, false designations of origin, and/or false or misleading descriptions and representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants to the origin, sponsorship, or approval of the Inventory the subject of this lawsuit, the fruits thereof, and the commercial activities associated therewith.

126.     Plaintiffs have been damaged as a proximate result of the acts and omissions of unfair competition committed by Defendants.

127.     Defendants conduct has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

128.     Defendants' conduct has caused and is causing irreparable injury to Plaintiffs, including damage to Plaintiffs' reputation and goodwill and ML Fashion's ability to continue to employ its 33 employees, and unless enjoined by this Court, will continue to damages Plaintiffs and to deceive the public in a manner that is not compensable by money damages.  Plaintiffs have no adequate remedy at law with respect to Defendants acts of false advertising.

**INJUNCTIVE RELIEF**
**(Temporary Restraining Order, Preliminary and Permanent Injunction by Plaintiffs Against All Defendants)**

129.     Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 128 of this Complaint as if fully set forth herein.

130.     As set forth above, Plaintiffs are likely to succeed, and will succeed, on the merits of their claims, because Defendants have blatantly seized Inventory and FFE to which ML Fashion holds sole title under the terms of the LLC Agreement; have seized the Greenwich Property, to which ML Fashion has the exclusive right of possession and for which ML Fashion continues to be the lessee; and are operating a competing business in violation of the LLC Agreement.

131.     Plaintiffs are being irreparably harmed by, *inter alia*, the loss of unique fashion inventory; their loss of use of a unique retail location, the Greenwich Property; the damage to ML Fashion's brands and businesses by Defendants' operation of a competing business; the harm to Plaintiffs' reputation and goodwill; and the prospect that ML Fashion will be unable to fully perform under the Credit and Security Agreement, jeopardizing the employment of ML Fashion's 33 employees.

132.     Menkin and Goureau expressly conceded in Section 7.7(d) of the LLC Agreement that competition against ML Fashion would cause irreparable harm to ML Fashion, and that ML Fashion could accordingly seek injunctive relief to stop their competitive conduct.

133. Plaintiffs have no adequate remedy at law because money damages are not sufficient to compensate Plaintiffs for the harms they are suffering and will continue to suffer absent injunctive relief.

134. The balance of the equities weighs heavily in Plaintiffs' favor because Defendants are willfully breaching the LLC Agreement, willfully disregarding ML Fashion's rights to possession of the Greenwich Property, and willfully engaging in a business in direct competition with ML Fashion.

135. By reason of the foregoing, Plaintiffs are entitled to an injunction immediately (through temporary restraining order), preliminarily and permanently enjoining Defendants, their officers, partners, members, employees, agents, servants, attorneys, representatives, and all others acting under it or on its behalf, or in concert with it, known or unknown, from: (a) utilizing, selling, or otherwise disposing of any inventory or FFE at the Greenwich Property; (b) operating a retail business at the Greenwich Property; (c) occupying or possessing the Greenwich Property; and (d) engaging in business activities in competition with ML Fashion's business activities, including by operating Nobelle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

(a) On the First Cause of Action for Conversion, awarding injunctive relief and damages to ML Fashion in an amount to be determined at trial and requiring Defendants to return unsold Inventory and FFE to ML Fashion;

(b) On the Second Cause of Action for Breach of Fiduciary Duty, awarding injunctive relief and damages to ML Fashion in an amount to be determined at trial;

(c)     On the Third Cause of Action for Breach of Contract, awarding injunctive relief and damages to ML Fashion and ML Retail in an amount to be determined at trial and requiring Menkin and Goureau to specifically perform their obligations under the LLC Agreement by ceasing the operation of Nobelle and any other business in competition with ML Fashion's businesses;

(d)     On the Fourth Cause of Action for Fraud, awarding damages to ML Fashion and ML Retail in an amount to be determined at trial;

(e)     On the Fifth Cause of Action for Tortious Interference with Credit and Security Agreements, awarding damages to ML Fashion and ML Retail in an amount to be determined at trial;

(f)     On the Sixth Cause of Action for Tortious Interference with Noncompetition Agreement, awarding damages to ML Fashion and ML Retail in an amount to be determined at trial;

(g)     On the Seventh Cause of Action for Aiding and Abetting, awarding damages to ML Fashion and ML Retail in an amount to be determined at trial;

(h)     On the Eighth Cause of Action for False Advertising under the Lanham Act, awarding damages to ML Fashion and ML Retail in an amount to be determined at trial and enjoining Defendants' conduct in violation of the Lanham Act;

(i)     On the Ninth Cause of Action for Unfair Competition under the Lanham Act, awarding damages to ML Fashion and ML Retail in an amount to be determined at trial and enjoining Defendants' conduct in violation of the Lanham Act;

(j)     On the request for Injunctive Relief, enjoining Defendants, their officers, partners, members, employees, agents, servants, attorneys, representatives, and all others

22

acting under it or on its behalf, or in concert with it, known or unknown, from: (a) utilizing, selling, or otherwise disposing of any inventory or FFE at the Greenwich Property; (b) operating a retail business at the Greenwich Property; (c) occupying or possessing the Greenwich Property; and (d) engaging in business activities in competition with ML Fashion's business activities, including by operating Nobelle;

(k)     Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in connection with this action and the enforcement of their rights; and

(l)     For such other and further relief as the Court deems just and proper.

Dated:  August 31, 2020                                   SEYFARTH SHAW LLP

By: *Michael D. Wexler*
    Michael D. Wexler
    Robyn E. Marsh
Willis Tower
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5559

Jesse M. Coleman (*pro hac vice application to be filed*)
700 Milam Street, Suite 1400
Houston, Texas  77002
(713) 238-1805


*Attorneys for Plaintiffs ML Fashion, LLC and ML Retail, LLC*

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I, Marcus Lemonis, on behalf of ML Fashion, LLC and ML Retail, LLC, declare under penalty of perjury under the laws of the United States that the factual statements set forth in the foregoing Verified Complaint And Application For Immediate, Preliminary, And Permanent Injunctive Relief are true and correct except as where such statements are made upon information and belief.

Dated: August 31, 2020

Marcus Lemonis