# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ML FASHION, LLC, and ML RETAIL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NOBELLE GW, LLC, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU,<br><br>Defendants. | Case No. 1:20-cv-05124<br><br>Hon. Steven C. Seeger |

## JOINT MOTION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT AND TO EXCEED PAGE LIMITATIONS

Plaintiffs ML Fashion, LLC ("ML Fashion") and ML Retail, LLC ("ML Retail," together with ML Fashion, the "Plaintiffs") and Defendants Stephanie Menkin ("Menkin"), Nicolas Goureau ("Goureau"), Sarit Maman Nagrani ("Nagrani"), and Nobelle GW LLC ("Nobelle," collectively, the "Defendants"), by and through their undersigned counsel, respectfully move this Court for entry of an order: (i) extending Defendants' time to answer or otherwise plead to the Amended Complaint, (ii) granting Defendants leave to exceed the Local Rule 7.1 page limit for their brief in support of their anticipated motion to dismiss Plaintiffs' Amended Complaint, and (iii) granting Plaintiffs lease to exceed the Local Rule 7.1 page limit for their brief in opposition to Defendants' anticipated motion to dismiss. In support hereof, the parties state as follows:

## BACKGROUND

1. Plaintiffs filed their Complaint against the Defendants on August 31, 2020.

2. On September 17, 2020, the Court entered an order extending Defendants' deadline to answer or otherwise plead to the Complaint to and including October 26, 2020.

1

3. On October 1, 2020, the Court entered an order granting Defendants leave to exceed Local Rule 7.1's page limitation to permit a brief not to exceed thirty (30) pages.

4. On October 26, 2020, Defendants filed their Motion to Dismiss the Complaint.

5. On November 16, 2020, rather than filing a response to Defendants' Motion to Dismiss the Plaintiffs filed a forty-seven (47) page Amended Complaint which added several new counts and numerous additional factual allegations.

6. Under Federal Rule 15(a)(3), the Defendants' current deadline to answer or otherwise plead to the Amended Complaint is November 30, 2020 (the "Response Deadline").

7. Plaintiffs have agreed to an extension of the Response Deadline by thirty-five (35) days to including January 4, 2021. Defendants and Plaintiffs have also agreed to one another's requests to exceed Local Rule 7.1's page limitation for their respective briefs in support of and in opposition to Defendants' anticipated motion to dismiss the Amended Complaint.

8. Defendants have also agreed that the filing of the Amended Complaint moots Defendants' motion to dismiss the original Complaint.

## RELIEF REQUESTED

9. By this Motion, the parties request entry of an order: (i) extending the Response Deadline to and including January 4, 2021, (ii) authorizing Defendants to exceed Local Rule 7.1's page limit for their brief in support of their anticipated motion to dismiss Plaintiffs' Amended Complaint; and (iii) authorizing Plaintiffs to exceed Local Rule 7.1's page limit for their brief in opposition to Defendants' anticipated motion to dismiss Plaintiffs' Amended Complaint.

10. Under Rule 6(b), this Court may extend the time for Defendants to file their responsive pleading for good cause. Fed. R. Civ. P. 6(b)(1)(A).

11. Here, there is good cause to extend Defendants' time to respond to the Amended Complaint. The Amended Complaint is a substantially different pleading than the one Plaintiffs originally filed. Indeed, the Amended Complaint contains 116 paragraphs of factual allegations compared to only 65 in Plaintiffs' original complaint. These additional allegations correspond to both additional facts to support Plaintiffs' original nine causes of action, but also to purportedly support three entirely new causes of action for a total of twelve claims now pending.

12. Moreover, given the intervening holidays, Defendants respectfully request additional time to fully address the issues raised by the Amended Complaint, including those newly raised, in their anticipated motion to dismiss.

13. Similarly, good cause exists to grant both parties leave to exceed Local Rule 7.1's fifteen-page limitation. On top of the sheer volume of claims and allegations to address, most of the claims arise from a contract governed by Delaware law, yet Plaintiffs have so far briefed their claims under Illinois law, thus raising choice-of-law issues for each claim. Additionally, Plaintiffs' claims based on the purported non-compete clause also bring in considerations of Florida and New York law, the jurisdictions where Defendants reside. There are also issues as to whether this Court should exercise jurisdiction over state law claims if it is to dismiss Plaintiffs' federal claims.

14. Thus, the parties respectfully request that they each be granted leave to file their respective briefs in support of and in opposition to Defendants' anticipated motion to dismiss the Amended Complaint in excess of the fifteen (15) page limit, but not to exceed thirty (30) pages.

15. There have not been any previous extensions of Defendants' Response Deadline to the Amended Complaint.

16. None of the parties will be prejudiced if the requested extension is granted, nor will any substantial delay occur.

**WHEREFORE**, the parties respectfully request entry of an order: (i) extending the Response Deadline to and including January 4, 2021, (ii) authorizing Defendants to exceed Local Rule 7.1's page limit for their brief in support of their anticipated motion to dismiss Plaintiffs' Amended Complaint, (iii) authorizing Plaintiffs to exceed Local Rule 7.1's page limit for their brief in opposition to Defendants' anticipated motion to dismiss Plaintiffs' Amended Complaint; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: November 20, 2020

| | |
|---|---|
| */s/ Jesse M. Coleman* | */s/ Elizabeth L. Janczak* |
| **Seyfarth Shaw LLP** | **Freeborn & Peters LLP** |
| Michael D. Wexler | Elizabeth L. Janczak (Ill. Bar No. 6302864) |
| Robyn E. Marsh | 311 S. Wacker Dr., Suite 3000 |
| Willis Tower | Chicago, IL 60606 |
| 233 S. Wacker Drive, Suite 8000 | Telephone: (312) 360-6000 |
| Chicago, Illinois 60606 | Facsimile: (312) 360-6520 |
| Telephone: (312) 460-5559 | ejanczak@freeborn.com |
| | |
| Jesse M. Coleman (admitted pro hac vice) | **Gerard Fox Law P.C.** |
| 700 Milam Street, Suite 1400 | Gerard P. Fox (*admitted pro hac vice*) |
| Houston, Texas 77002 | Lauren M. Greene (*admitted pro hac vice*) |
| (713) 238-1805 | 1880 Century Park East, Suite 1410 |
| *Attorneys for Plaintiffs* | Los Angeles, CA 90067 |
| | Telephone: (310) 441-0500 |
| | Facsimile: (310) 441-4447 |
| | gfox@gerardfoxlaw.com |
| | lgreene@gerardfoxlaw.com |
| | |
| | *Attorneys for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notifications of such filing to the below counsel of record:

**CM/ECF Service List**

| | |
|---|---|
| Jesse M. Coleman | jmcoleman@seyfarth.com |
| Gerard Patrick Fox | gfox@gerardfoxlaw.co |
| Lauren Michelle Greene | lgreene@gerardfoxlaw.com |
| Robyn Elizabeth Marsh | rmarsh@seyfarth.com |
| Michael Dale Wexler | mwexler@seyfarth.com |

By: /s/ Elizabeth L. Janczak
　　　Elizabeth L. Janczak