# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ML FASHION, LLC, and ML RETAIL, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:20-cv-05124 |
| | ) | |
| v. | ) | |
| | ) | Judge Steven C. Seeger |
| NOBELLE, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DEFENDANT NICOLAS GOUREAU IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE VERIFIED AMENDED COMPLAINT

I, Nicolas Goureau, do hereby declare and state as follows:

1. I submit this affidavit in support of my Motion to Dismiss the Verified Amended Complaint. This affidavit is based upon my personal knowledge, and if called upon to do so, I would and could testify competently thereto.

2. I am a Member of ML Fashion LLC ("ML Fashion"), with a 33.3% membership interest. ML Fashion is comprised of three members: Plaintiff ML Retail LLC ("ML Retail"), Defendant Stephanie Menkin ("Menkin"), and myself.

3. I reside in the State of Florida.

4. Currently, I reside in Miami, Florida. I consider this residence to be my home, and I intend to reside at this location indefinitely.

5. In my personal capacity, I do not now and, since 2018, have not:

a. resided in the State of Illinois;

b. earned any income subject to taxation by the State of Illinois;

c. filed any income tax return with the Illinois Department of Revenue;

1

d. been subject to income taxation by the State of Illinois;

e. paid any income taxes levied by the State of Illinois;

f. owned, rented, leased or occupied any real property situated in the State of Illinois;

g. possessed any tangible personal property situated in the State of Illinois;

h. sold or delivered any goods or things of value in the State of Illinois;

i. delivered any products, goods, or things of value to the State of Illinois for use or consumption in the ordinary course of trade;

j. acquired or maintained any office or any address listing in the State of Illinois;

k. authorized or contracted for the listing of my name in any telephone, business, or other informational directory knowingly addressed to or targeting any specific person, firm, or corporation situated in the State of Illinois;

l. employed any persons residing, working, or located in the State of Illinois;

m. published any advertisements in the State of Illinois that knowingly targeted any person or business in the State of Illinois;

n. hired or otherwise contracted with any persons residing in the State of Illinois as an agent for soliciting business in the State of Illinois;

o. appointed a registered agent for service of process in the State of Illinois;

p. applied to any Illinois agency, subdivision, municipality, or other Illinois authority for any licenses, permits, or registrations to transact or conduct business in the State of Illinois; or

q. received any license, permit, or registration from any Illinois agency, subdivision, municipality, or other Illinois authority to transact or conduct business in the State of Illinois

6. I lived in Illinois for a brief period from November 2016 until December 2018 during my employment at Camping World. I only moved to Illinois briefly because I was working with Marcus Lemonis at the time and he requested my presence in the State of Illinois. In addition, it was a convenient base to travel to other parts of the country for my work. During

my brief sojourn in Illinois, I maintained my residence in New York and had only a temporary residence in Illinois. At the time, I was not an employee of ML Fashion; I was an independent contractor. However, I was sometimes called upon for assistance with business operations as I had relevant institutional knowledge. In or about 2017, I transitioned fully to assisting Marcus Lemonis with his many other businesses and I no longer had any involvement with ML Fashion.

7. Prior to and up until March 2016, Marcus Lemonis, and/or his representatives on behalf of ML Retail, Menkin, and I discussed the formation of ML Fashion. From the outset, we envisioned ML Fashion as a New York-centric company. I did not enter or otherwise visit Illinois to have discussions related to the formation of ML Fashion. Rather, I was located in New York, NY, during the course of these discussions. The parties did not discuss or otherwise contemplate any future business or any other lasting consequences in connection with ML Fashion's operations to take place in Illinois.

8. Once discussions were completed, on or around March 29, 2016, I signed the Limited Liability Company Agreement of ML Fashion, LLC (the "LLC Agreement"). I did so while I was in New York, NY. Thus, at no point during the discussions surrounding the LLC Agreement, nor the execution of the LLC Agreement, did I enter into Illinois.

9. In March 2016, on or around the date that the LLC Agreement was signed, ML Fashion was formed as a limited liability company under the laws of the State of Delaware.

10. To my knowledge, at all times since ML Fashion was formed, its principal place of business has been, and continues to be, in New York.

11. At the outset, I had no particular interest in the Chicago, Illinois, market specifically or in Illinois generally. In forming ML Fashion, I had no specific intent to open stores in and across Illinois; instead, we intended to open stores across the whole country.

12. The first ML Fashion store opened in Lake Forest, Illinois, because it was Marcus Lemonis's residence at the time. It is my understanding that Mr. Lemonis already had two other businesses in Lake Forest and wanted to open an ML Fashion store in Lake Forest to expand his presence in his hometown. The tenants on the lease for the Lake Forest Store were Gooberry

Corp., Marcus Lemonis LLC, and Marcus Lemonis personally; I had no involvement in negotiating that lease and did not see a copy of it prior to signing. Nor did I have any involvement in significant business decisions relating to the Lake Forest store.

13. Further, I had limited involvement in the other Illinois store locations. All of the other Illinois store locations existed because Marcus Lemonis wanted to open stores in those locations. I did not select any of the Illinois store locations, I did not scout potential store locations, and I did not negotiate any of the leases for any of the Illinois stores. I did not encourage the expansion of ML Fashion's retail presence in Illinois in any way.

14. While ML Fashion had a number of stores in the State of Illinois, ML Fashion had seven (7) stores in the State of New York at the following locations: 956 Lexington Avenue, New York, NY 10021; 1456 Third Avenue, New York, NY 10028; 1275 Third Avenue, New York, NY 10021; 875 Washington Street, New York, NY 10014; 402 West 13th Street, New York, NY 10014; 348 Jericho Turnpike, Syosset, NY, 11791; 58 Jobs Lane, Southampton, NY 11968. ML Fashion's main corporate office was located at 38 East 29th Street, New York, NY 10016. Accordingly, I considered ML Fashion to be a New York-focused company.

15. I did not visit Illinois, nor the ML Fashion store in Illinois, during the entire month of August 2020, nor did I instruct anyone to enter into, visit, or take any actions within any ML Fashion store in Illinois during that same period or cause the alleged seizure of inventory in any other way. I have not entered into the ML Fashion store in Illinois since December 2018.

16. Moreover, since ML Fashions' formation, I have not been involved in its management or operations since roughly 2017.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December __30__, 2020                      _____

                                                                                   Nicolas Goureau