# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ML FASHION, LLC, and ML RETAIL, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:20-cv-05124 |
| | ) | |
| v. | ) | |
| | ) | Judge Steven C. Seeger |
| NOBELLE, STEPHANIE MENKIN, SARIT | ) | |
| MAMAN NAGRANI, and NICOLAS | ) | |
| GOUREAU, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DEFENDANT SARIT MAMAN NAGRANI IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE VERIFIED AMENDED COMPLAINT

I, Sarit Maman Nagrani, do hereby declare and state as follows:

1. I submit this affidavit in support of my Motion to Dismiss the Verified Amended Complaint. This affidavit is based upon my personal knowledge, and if called upon to do so, I would and could testify competently thereto.

2. I am the Co-founder and current President of Defendant Nobelle GW LLC ("Nobelle"). I was an employee of ML Fashion LLC ("ML Fashion"), where I worked as the Manager/Regional Manager in the ML Fashion stores located in Syosset and Manhattan, New York, and in Connecticut for the time period of March 2016 through March 2020.

3. I reside in the State of New York.

4. Currently, I reside in Hewlett, New York. I consider this residence to be my home, and I intend to reside at this location indefinitely.

5. In my personal capacity, I do not now and have never:
a. resided in the State of Illinois;
b. earned any income subject to taxation by the State of Illinois;
c. filed any income tax return with the Illinois Department of Revenue;
d. been subject to income taxation by the State of Illinois;
e. paid any income taxes levied by the State of Illinois;
f. owned, rented, leased or occupied any real property situated in the State of Illinois;
g. possessed any tangible personal property situated in the State of Illinois;
h. sold or delivered any goods or things of value in the State of Illinois;
i. delivered any products, goods, or things of value to the State of Illinois for use or consumption in the ordinary course of trade;
j. acquired or maintained any office or any address listing in the State of Illinois;
k. authorized or contracted for the listing of my name in any telephone, business, or other informational directory knowingly addressed to or targeting any specific person, firm, or corporation situated in the State of Illinois;
l. employed any persons residing, working, or located in the State of Illinois;
m. published any advertisements in the State of Illinois that knowingly targeted any person or business in the State of Illinois;

n. hired or otherwise contracted with any persons residing in the State of Illinois as an agent for soliciting business in the State of Illinois;

    o. appointed a registered agent for service of process in the State of Illinois;

    p. applied to any Illinois agency, subdivision, municipality, or other Illinois authority for any licenses, permits, or registrations to transact or conduct business in the State of Illinois; or

    q. received any license, permit, or registration from any Illinois agency, subdivision, municipality, or other Illinois authority to transact or conduct business in the State of Illinois

6. During my employment with ML Fashion, I traveled to Illinois on one occasion, in July 2017, for a manager summit. While there, as part of my training, I briefly visited two ML Fashion retail locations in Illinois.

7. However, I did not visit Illinois, nor the ML Fashion store in Illinois, during the entire month of August 2020, nor did I instruct anyone to enter into, visit, or take any actions within any ML Fashion store in Illinois during that same period or cause the alleged seizure of inventory in any other way. Indeed, I have not been to any ML Fashion store located in Illinois since July 2017.

8. My company, Nobelle, was formed in July 2020 under the laws of the State of New York.

9. At all times since its formation, Nobelle's principal place of business has been, and continues to be, Greenwich, Connecticut.

10. Since the formation of Nobelle, I have not visited, nor have I instructed anyone to visit or take actions within the State of Illinois, nor any ML Fashion store located in Illinois. Nor have I caused the alleged seizure of inventory from Illinois or the ML Fashion store located in Illinois in any other way.

11. Speaking as President and Co-founder of Nobelle, I can attest that no meeting, business plan, or strategy for Nobelle was, or has been conducted, concocted, or implemented in the State of Illinois.

12. At all relevant times since its formation, all the actions and decisions of Nobelle substantially occurred either in New York or Connecticut.

13. Nobelle does not maintain any place of business in the State of Illinois. Nobelle is managed and operated exclusively in the State of Connecticut.

14. Nobelle is not registered to do business in the State of Illinois and does not regularly do or transact business there.

15. Nobelle does not regularly advertise or solicit business in the State of Illinois.

16. Nobelle does not provide any goods or services in the State of Illinois. Nor does Nobelle contract to supply any goods or services or derive substantial revenue from any goods or services provided, used, or consumed in the State of Illinois.

17. Nobelle does not contract to insure or act as a surety for, or on, any person, property, risk, contract, obligation or agreement located, executed, or to be performed in the State of Illinois.

18. Nobelle does not own property in the State of Illinois, nor does Nobelle use, possess, or have any interest in property located in the State of Illinois.

19. Nobelle does not engage in any persistent course of conduct or regular or continuous activity in the State of Illinois.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 29, 2020

Sarit Maman Nagrani