# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ML FASHION, LLC, and ML RETAIL, LLC, | )<br>)<br>) Case No. 1:20-cv-05124<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Hon. Steven C. Seeger<br>) |
| NOBELLE GW, LLC, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY THIS ACTION PENDING RESOLUTION OF THE DELAWARE LITIGATION

# TABLE OF CONTENTS

I. BACKGROUND .................................................................................................................. 2

II. ARGUMENT ...................................................................................................................... 4

   A. The Actions Are Parallel ............................................................................................... 5

   B. The *Colorado River* Factors Support the Requested Stay ...................................... 9

III. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*AMNEX, Inc. v. Rowland*
  25 F. Supp. 2d 238 (S.D.N.Y. 1998) ................................................................................ 7

*Bank of America, N.A. v. Zahran*
  2011 WL 167241 (N.D. Ill. Jan. 19, 2011) ....................................................................... 6

*Bible Truth Crusade v. City of Bloomington*
  709 F. Supp. 849 (C.D. Ill. 1989) ................................................................................... 12

*Clark v. Lacy*
  376 F.3d 682 (7th Cir. 2004) ............................................................................. 5, 7, 8, 10

*Cleven v. Soglin*
  2017 WL 4621121 (W.D. Wis. Oct. 13, 2017) .............................................................. 11

*Cleven v. Soglin*
  aff'd, 903 F.3d 614 (7th Cir. 2018) ................................................................................ 11

*Colorado River Conservation Dist. v. United States*
  424 U.S. 800 (1976) ................................................................................................ 1, 2, 4

*DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*
  953 F.3d 469 (7th Cir. 2020) ........................................................................................ 4, 5

*Ellis Corp. v. Hershfield*
  1988 WL 2786 (N.D. Ill. Jan. 12, 1988) .......................................................................... 8

*Feldman v. Norman*
  2018 WL 5808474 (N.D. Ill., Nov. 6, 2018) ................................................................... 9

*Freed v. J.P. Morgan Chase Bank, N.A.*
  756 F.3d 1013 (7th Cir. 2014) ........................................................................... 4, 7, 11, 12

*Goodin v. Vendley*
  356 F. Supp. 3d 935 (N.D. Cal. 2018) .......................................................................... 10

*Int'l Forest Prod. Corp. v. West*
  2011 WL 4056036 (M.D. Tenn. Aug. 8, 2011) ............................................................... 6

*Interstate Material Corp. v. City of Chicago*
 847 F.2d 1285 (7th Cir. 1988) .................................................................................. 12

*Kent v. Celozzi-Ettleson Chevrolet, Inc.*
 1999 WL 1021044 (N.D. Ill. Nov. 3, 1999) ............................................................... 11

*Legal Helpers Debt Resolution, L.L.C. v. CDS Client Servs., Inc.*
 2012 WL 4174996 (N.D. Ill. Sept. 17, 2012) ................................................... 9, 10, 11

*Lumen Const., Inc. v. Brant Const. Co.*
 780 F.2d 691 (7th Cir. 1985) .................................................................................. 5, 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
 460 U.S. 1 (1983) .......................................................................................................... 5

*Niigata Mach. Techno Co. v. SNK Am., Inc.*
 2018 WL 11219942 (N.D. Ill. Sept. 12, 2018) ................................................... passim

*Preferred Freezer Servs., LLC v. Americold Realty Tr.*
 2020 WL 774132 (S.D.N.Y. Feb. 18, 2020) ............................................................. 10

*Ritz of Chicago, Ltd. v. Espinosa*
 2009 WL 1904401 (N.D. Ill. July 2, 2009) ................................................................. 9

*Tyrer v. City of S. Beloit, Ill.*
 456 F.3d 744 (7th Cir. 2006) ............................................................................ 6, 8, 11

*Wrzesinski v. Martwick*
 1987 WL 16893 (N.D. Ill. Sept. 4, 1987) ................................................................. 11

*XPO GF Am., Inc. v. Qiuheng Liao*
 2019 WL 8226077 (C.D. Cal. Sept. 27, 2019) .......................................................... 11

**Statutes**

15 U.S.C. § 1125 .................................................................................................................. 10

18 U.S.C. § 1034 .................................................................................................................. 10

18 U.S.C. § 1832 .................................................................................................................. 11

18 U.S.C. § 1836 .................................................................................................................. 11

As Defendants Nobelle GW, LLC, Stephanie Menkin, Sarit Maman Narani, and Nicolas Goureau (collectively "Defendants") demonstrate in their concurrently filed motion to dismiss, this action does not belong in Illinois, as they have no required jurisdictional nexus to this forum.[1] Yet even if the Court finds that it can properly exercise jurisdiction over the Defendants in this District, there is still no need to reach the merits of the asserted claims, since all the relevant factors under the abstention doctrine enunciated in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976), counsel in favor of staying this action pending resolution of the substantially similar first-filed litigation, which is already proceeding at full speed in a Delaware state court. Indeed, as shown below, the relevant considerations of "wise judicial administration," conservation of "both state and federal judicial resources and prevent[ion of] inconsistent results" strongly suggest that the first-filed Delaware litigation concerning the same rights and liabilities as Plaintiffs now assert in this action should proceed unabridged and unencumbered by any parallel (and wholly unnecessary) cases such as the action maintained by the Plaintiffs at bar.

This is especially so considering that Plaintiffs appear determined to litigate on as many fronts as possible, as their yet another action recently initiated against certain Defendants in an Illinois state court clearly demonstrates. While that action is in violation of the Delaware status quo order and is thus subject of a sanctions motion currently under submission with that court, it also demonstrates that Plaintiffs are not here on serious grounds but are rather poised to create as many distractions from the core action in Delaware as courts would allow them. This Court, for

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted. All "Ex." references are to the concurrently filed Affidavit Lauren M. Greene ("Greene Aff.") unless otherwise noted.

1

one, should refuse to take part in Plaintiffs' forum-shopping game of musical chairs; rather, it should abstain on the *Colorado River* grounds designed to prevent the very abuses of the dual court system that Plaintiffs attempt to perpetrate here.

## I.     BACKGROUND

Defendants incorporate by reference here the background facts as set forth in Defendants' concurrently filed Motion to Dismiss the Amended Verified Complaint. Defendants accordingly limit their recitation of the facts here to those most relevant to the Court's consideration of abstention.

As Plaintiffs ML Fashion LLC ("ML Fashion") and ML Retail LLC ("ML Retail") (collectively, "Plaintiffs") freely concede in their latest complaint (FAC at ¶ 76), more than two months before Plaintiffs came to this Court, Defendants Menkin and Goureau had filed their complaint against Plaintiffs here in the Delaware Court of Chancery on June 18, 2020 as *Goureau, et al. v. Lemonis, et al.*, No. 2020-0486 (the "Delaware Litigation"). (*See* Greene Aff. at ¶ 3 & Ex. 1 ("Del. Compl.").) Plaintiffs were served with the initial pleading in that action on June 26, 2020. (*See* Greene Aff. at ¶ 3.) As the Delaware complaint demonstrates, that action involves the same business and is based on the same underlying LLC agreement, with the same rights and liabilities as are at issue here; indeed, as discussed below, many of the claims asserted in the action at bar are mirror-image of the claims in Delaware—meaning that Plaintiffs accuse Defendants of the same conduct that Menkin and Goureau allege against Plaintiffs' principal, Marcus Lemonis, in Delaware.

Since inception of the Delaware Litigation, the parties in Delaware have been actively litigating in that forum, including the Defendants here filing a motion to expedite the proceedings in Delaware the same day the Verified Complaint was filed. (*See id.* at ¶ 4 & Ex. 2

2

(docket of the Delaware Litigation).) Shortly after service, Plaintiffs attempted to remove the Delaware Litigation to federal court and simultaneously dismiss the claims there. (*See* Greene Aff. at ¶ 5.) Menkin and Goureau successfully remanded the action back to the Court of Chancery on August 21, 2020. (*See id*.) It has been proceeding full speed there since then, including motion practice and discovery, as well as the Chancery Court taking charge of the property at issue in both the Delaware Litigation and the action at bar.

Indeed, Menkin and Goureau amended the Delaware complaint on August 25, 2020, prompting a motion to dismiss, which is currently under consideration by the Court of Chancery. (*See* Greene Aff. at ¶ 6.) On September 8, 2020, as a result of Menkin and Goureau's earlier motion to expedite proceedings, the Delaware court issued its Status Quo Order, taking charge of all the relevant property and funds that are at issue in both the Delaware Litigation and the action at bar. (*See* Greene Aff. at ¶ 7 & Ex. 3.) Throughout motion practice, the Delaware parties were and are currently engaged in discovery. Indeed, ML Retail sought expedited discovery on September 22, 2020 and served interrogatories and document requests on Menkin and Goureau as well as third party discovery. (*See id.* at ¶ 8.) The Court of Chancery is currently also reviewing a motion to compel based on the outstanding discovery. (*See id.* at ¶ 8.) Menkin and Goureau also propounded their own discovery requests on December 11, 2020. (*See id.* at ¶ 9.)

Apparently unsatisfied with having two parallel litigations already proceeding on substantially the same facts,[2] on November 23, 2020, the same two entities that are proceeding as Plaintiffs here initiated yet another duplicative action against Menkin and Goureau on substantially similar facts, *ML Fashion, LLC, et al. v. Goureau, et al*., No. 2020L012546, in the

---

[2] There is also a separate litigation pending in the Southern District of New York concerning Lemonis' investment into Menkin and Goureau's family business and the harm caused thereby. (FAC ¶ 76; *see also* Dkt. 14 at Ex. 4.) Those related issues are separate from the claims asserted in Delaware litigation and copycatted by Plaintiffs here.

Circuit Court of Cook County, Illinois. (*See id.* at ¶ 10 & Ex. 4.) Since this filing violates the Delaware Status Quo Order, the Delaware court is currently considering whether Plaintiffs, as defendants in the Delaware Litigation, should be sanctioned for this latest duplicative action. (*See* Greene Aff. at ¶ 11.)

In short, the Delaware Litigation is well ahead of the instant action and proceeding at a rapid pace. The motion to dismiss there has been fully briefed and under submission for almost two months now (*see id.* at ¶ 6), and the parties there have already engaged in substantial discovery; by contrast, no discovery has been conducted in this action, and it is still in its initial pleading stages. Most importantly, the Delaware court has already asserted its jurisdiction over the relevant property that is at issue in this action by issuing its status quo order and directing specifying the parties' rights and obligations as to that property during the pendency of litigation.

## II. ARGUMENT

Under the *Colorado River* abstention doctrine, "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014), citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). *Colorado River* abstention allows federal courts to promote "wise judicial administration," by conserving "both state and federal judicial resources and prevent[ing] inconsistent results." *Id.*

In adjudging the applicability of the abstention, the Seventh Circuit follows "a two-step analysis . . . . The first question is 'whether the concurrent state and federal actions are actually parallel.'" *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477 (7th Cir. 2020). If they are, courts apply a variety of factors to determine whether the federal action should be stayed or dismissed, including:

1. Whether the case concerns rights in property, and if so, whether the state has assumed jurisdiction over that property;
2. The inconvenience of the federal forum;
3. The desirability of consolidating litigation in one place (put otherwise, the value in avoiding "piecemeal" or broken-up proceedings);
4. The order in which jurisdiction was obtained in the concurrent fora;
5. The source of governing law—federal or state;
6. The adequacy of the state-court action to protect the federal plaintiff's rights;
7. The relative progress of the state and federal proceedings;
8. The presence or absence of concurrent jurisdiction;
9. The availability of removal; and
10. Whether the federal action is vexatious or contrived.

*Id.* (also observing that "[n]ot all of these considerations will be pertinent to every case"). "No one factor is necessarily determinative." *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 694 (7th Cir. 1985). However, some courts have observed that "[t]he avoidance of piecemeal litigation is ordinarily the most important factor." *Niigata Mach. Techno Co. v. SNK Am., Inc.*, 2018 WL 11219942, at *4 (N.D. Ill. Sept. 12, 2018) (abstaining in favor if a parallel state court suit where, as here, the defendant in the first-filed state court suit opened the second front of litigation by filing a federal action against the state-court plaintiff), citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### A. **The Actions Are Parallel**

Here, the first question should not present much of a challenge. "Two suits are considered parallel 'when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *DePuy*, 953 F.3d at 477, citing *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). Moreover, "[f]ormal symmetry is unnecessary, as long as there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *DePuy*, 953 F.3d at 477-78 (concluding that "[t]he two lawsuits in our case are parallel, by that or any other definition we can imagine . . . [since] "[t]hey involve the same

5

parties, the same facts, and the same issues"), citing *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006). Indeed, "the danger of piecemeal litigation does not turn on formal identity of issues but on concerns about the efficient use of judicial resources and the public's perception of the legitimacy of judicial authority…." *Id.* at 756.

Here, Plaintiffs' claims, for the most part, turn on certain alleged violations of the LLC Agreement. (*See, e.g.*, FAC at ¶¶ 124-130 (Second Cause of Action: Breach of Fiduciary Duty), ¶¶ 131-142 (Third Cause of Action: Breach of Contract), ¶¶ 154-161 (Sixth Cause of Action: Tortious Interference with Noncompetition Agreement) & ¶¶ 162-169 (Seventh Cause of Action: Aiding and Abetting ).) Yet in the Delaware Litigation, Defendants Menkin and Goureau here had asserted a claim that this very agreement is invalid because it was fraudulently induced. (*See* Del. Compl. at ¶¶ 202-209.) Since the proceeding at bar is thus dependent on the resolution of the threshold question of the LLC Agreement's validity pending in the Delaware Litigation, these cases are parallel as a matter of law. *See Niigata*, 2018 WL 11219942, at *3 (finding that "the respective claims are parallel … because there is a substantial likelihood that the factual determinations required to resolve [the] state-court claims will also resolve [the] breach of contract claim pending before this court"); *Bank of America, N.A. v. Zahran*, 2011 WL 167241, at *2-3 (N.D. Ill. Jan. 19, 2011) (finding actions were parallel under *Colorado River* where state court action asserted that the original promissory note was modified and the bank breached the modified note while federal court action asserted that the modification was invalid/nonexistent and the debtors had defaulted on the original note); *see also Int'l Forest Prod. Corp. v. West*, 2011 WL 4056036, at *7 (M.D. Tenn. Aug. 8, 2011) (finding the actions to be parallel for purposes of the *Colorado River* abstention where, "[a]lthough the remedies sought in the state and federal proceedings are different," claims asserted in federal action turned on resolution of

the state court claim alleging fraudulent inducement of the contract at issue and choice of law also depended on validity of that contract); *AMNEX, Inc. v. Rowland*, 25 F. Supp. 2d 238, 244 (S.D.N.Y. 1998) (finding that actions were parallel for purposes of the *Colorado River* abstention where the state court complaint included a claim that the contract at issue had been fraudulently induced).

Even broader, the parties here are substantially the same—they are the mirror image of the parties in the Delaware Litigation, with the only difference being that they switched from defendants to plaintiffs and vice versa. True, Plaintiffs sued some parties here that are not involved in the Delaware Litigation, just like there are defendants in the Delaware Litigation that are not involved here. Yet the claims arise from the same common nucleus of operative facts and center on the same business, the same operating agreement, and the same core business relationship that has now disintegrated and requires court intervention. This makes the actions at issue parallel. *See Niigata*, 2018 WL 11219942, at *3 (observing that as long as "[t]he respective federal and state claims … arise out of the same set of disputed facts," they "do not have to be identical in order for the cases to be 'parallel' for purposes of *Colorado River* abstention" and where, as here, defendant in state court action filed another action in federal court, the cases were parallel because "they arise out of the same set of disputed facts," such that findings in the state court action would determine whether claims in the federal action succeed or fail), citing *Freed*, 756 F.3d at 1020 ("[T]he parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action."), and *Clark*, 376 F.3d at 686-87 ("The addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings. Again, the requirement is that the parties be substantially the same—not

7

completely identical. When we focus on the parties' litigation interests in these two lawsuits, it is clear that the addition of these four defendants has little impact on the overall similarity of the disputes….").

This is especially so given that Plaintiffs here are free to assert the claims pending at bar as counterclaims in the Delaware Litigation. Indeed, this is another reason why these actions are parallel for purposes of the *Colorado River* abstention. *See Ellis Corp. v. Hershfield*, 1988 WL 2786, at *2 (N.D. Ill. Jan. 12, 1988) (concluding that "the *Colorado River* doctrine cannot be circumvented merely by asserting different claims in the federal action—especially where, as here, the federal plaintiff has offered no reason for its failure to assert its claims in the state court action. Were it otherwise, a state court defendant could avoid abstention altogether simply by deliberately refraining from seeking his remedies in state court.").

Moreover, since the suits arise from the same set of underlying facts and present nothing more than their dueling interpretation, resolution of the suits would require "the same persons [to] be deposed, the same witnesses called and the same evidence produced," thus further buttressing their parallel nature. *Tyrer*, 456 F.3d at 756-57 (concluding that given such posture, "[n]ot only would duplicative litigation waste judicial resources, but it also would create an undue risk of conflicting final judgments on the merits"), citing *Clark*, 376 F.3d at 687 (finding that similar facts warranted abstention: "[T]he two courts would oversee similar pre-trial motions and discovery matters and two different triers of fact would be asked to consider the same issues, evidence and witnesses. Our Court has held that this sort of redundancy counsels in favor of a stay. Not only would a stay save judicial resources, but it would also protect against the danger of the two proceedings reaching inconsistent results"). Indeed, two of the core claims asserted here and in Delaware are mirror images of each other: while the Delaware suit claims that it is

Mr. Lemonis that stole inventory from the stores and uses the company American Express card for his personal needs, Plaintiffs just turned around and accused Defendants of the same here. (*Compare* Del. Compl. at ¶¶ 131-135 & ¶¶ 172-184, *with* FAC at ¶¶ 64 & ¶¶ 71-72, 75.) This is the best possible illustration that the suits are indeed parallel.

### B. The *Colorado River* Factors Support the Requested Stay

Furthermore, ***all*** the applicable factors support the requested abstention, as shown below.

- ***The desirability of consolidating litigation in one place, or the value in avoiding "piecemeal" or broken-up proceedings***. As is demonstrated by the preceding discussion, this factor weighs heavily in favor of the requested abstention.

- ***The inconvenience of the federal forum.*** Similarly, this factor weighs in favor of the requested abstention, since Mr. Lemonis is the only party physically present in this District. Every other individual is elsewhere, be it New York or Florida. *See, e.g.*, *Feldman v. Norman*, 2018 WL 5808474, at *2 (N.D. Ill., Nov. 6, 2018); *Ritz of Chicago, Ltd. v. Espinosa*, 2009 WL 1904401, at *2 (N.D. Ill. July 2, 2009).

- ***The order in which jurisdiction was obtained in the concurrent fora.*** This factor again weighs in favor of the requested abstention since the Delaware litigation is older by two months. Indeed, a motion to dismiss there has been already fully briefed and has been under submission since early November; moreover, the Delaware court has issued a status quo order governing the relationship between the parties for purposes of the immediate future, and discovery is underway, which further buttresses the Delaware court's primacy in jurisdiction. *See, e.g., Lumen*, 780 F.2d at 697 (abstention was proper in part because state case was the first filed); *Legal Helpers Debt Resolution, L.L.C. v. CDS Client Servs., Inc.*, 2012 WL 4174996, at *4 (N.D. Ill. Sept. 17, 2012) (same).

9

- ***The source of governing law—federal or state.*** Once again, this factor weighs heavily in favor of the requested abstention, since the parties chose Delaware law to govern their business relationship (*see* FAC, Ex. 1 at ¶ 13.9). *See Clark*, 376 F.3d at 687-88 (concluding that "because both cases are governed by New York law, it is better to defer to the New York courts to consider the issues presented [because] [a] state court's expertise in applying its own law favors a *Colorado River* stay" and affirming the stay even though all other abstention factors were neutral).

- ***The relative progress of the state and federal proceedings.*** As already discussed, the Delaware litigation has progressed much further than the action at bar, based on the fully submitted motion to dismiss as of early November, the status quo order issued by the Delaware court, and the ongoing discovery. As such, this factor also favors abstention. *See Legal Helpers*, 2012 WL 4174996, at *4 (finding that this factor favors abstention based on similar comparative posture of the two cases).

- ***The presence or absence of concurrent jurisdiction***. While the presence of federal question usually counsels against abstention, here this factor still favors abstention since all of Plaintiffs' federal claims allow for concurrent jurisdiction with state courts. *See Niigata*, 2018 WL 11219942, at *5 (abstaining since, *inter alia*, "[t]he parties agree that the respective forums have concurrent jurisdiction over all the claims asserted in state and federal court. State and federal courts have concurrent jurisdiction over Lanham Act claims [under 15 U.S.C. §§ 1125, *et seq*.]. Hence, this factor favors abstention."); *Goodin v. Vendley*, 356 F. Supp. 3d 935, 946 (N.D. Cal. 2018) (observing that since "jurisdiction under the CFAA [Computer Fraud and Abuse Act, 18 U.S.C. §§ 1034, *et seq*.] and the Lanham act is concurrent in state and federal court[,] . . . the source-of-law

factor has less significance"); *see also Preferred Freezer Servs., LLC v. Americold Realty Tr.*, 2020 WL 774132, at *4 (S.D.N.Y. Feb. 18, 2020) (confirming that "state courts [have] concurrent jurisdiction over Defend Trade Secrets Act [DETS, 18 U.S.C. §§ 1832 & 1836, *et seq.*] claims), citing 18 U.S.C. § 1836(c) (granting district courts original but not exclusive jurisdiction over Defend Trade Secrets Act claims); *XPO GF Am., Inc. v. Qiuheng Liao*, 2019 WL 8226077, at *4 (C.D. Cal. Sept. 27, 2019) (abstaining despite claims pending under both CFAA and DETS based on concurrent jurisdiction); *accord Clark*, 376 F.3d at 688 ("[T]he availability of concurrent jurisdiction weigh[s] in favor of a stay.").[3]

- ***The adequacy of the state-court action to protect the federal plaintiff's rights.*** Given concurrent jurisdiction, as discussed above, Plaintiffs have the opportunity to raise their (meritless) federal theories in the state court, which is competent to interpret federal law. *See Tyrer,* 456 F.3d at 757 (the "insinuation that [state court] will not live up to the standard of full and fair adjudication of the issues 'is pure speculation that we expressly disavow'").

- ***The availability of removal.*** This factor weighs heavily in favor of the abstention here because the Delaware defendants actually removed the Delaware action at first, only to be quickly remanded back to state court based on lack of diversity. *See Niigata*, 2018 WL 11219942, at *5 ("The ninth factor intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed. It is undisputed that because complete diversity of citizenship is lacking, the state-court action

---

[3] Indeed, courts still abstain even without finding concurrent jurisdiction. *See Kent v. Celozzi-Ettleson Chevrolet, Inc.*, 1999 WL 1021044, at *9 (N.D. Ill. Nov. 3, 1999) (abstaining despite pending claims involving federal question jurisdiction); *Wrzesinski v. Martwick*, 1987 WL 16893, at *4 (N.D. Ill. Sept. 4, 1987) (same); *see also Cleven v. Soglin*, 2017 WL 4621121, at *8 (W.D. Wis. Oct. 13, 2017) (same), *aff'd*, 903 F.3d 614 (7th Cir. 2018).

cannot be removed to federal court. Thus, the ninth factor weighs in favor of abstention."), citing *Freed*, 756 F.3d at 1023; *see also Legal Helpers*, 2012 WL 4174996, at *4 (same).

- ***Whether the federal action is vexatious or contrived.*** Finally, this factor also weighs in favor of abstention since this case is nothing but retaliation for the suit Defendants initiated in Delaware; indeed, Plaintiffs could have easily asserted the claims they brought here as counterclaims in Delaware, yet they purposefully chose to initiate this parallel action instead. *See Freed*, 756 F.3d at 1024 (this factor favors abstention where "claims and parties in the federal suit could have been included in the original state court proceeding"); *Bible Truth Crusade v. City of Bloomington*, 709 F. Supp. 849, 852 (C.D. Ill. 1989) (federal action was both "vexatious and contrived" when all claims and parties could have been part of one suit); *cf. Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1289 (7th Cir. 1988) (concluding that "the federal suit could be considered both vexatious and contrived" where plaintiff "filed both suits within seven months of each other seeking substantially the same relief from substantially the same parties. Without presuming [plaintiff]'s motives, we see no reason why all claims and all parties could not have been, and still could not be, part of one suit.").

Since all the relevant factors here thus counsel in favor of staying the action at bar, the Court should abstain as directed by the *Colorado River* doctrine.

## III. CONCLUSION

For the foregoing reasons, the Court should abstain in favor of the parallel action pending in the Delaware Chancery Court and stay this action pending resolution of the Delaware Litigation.

Dated: January 4, 2021         <u>*/s/ Elizabeth L. Janczak*</u>
Freeborn & Peters LLP
Elizabeth L. Janczak (Ill. Bar No. 6302864)
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
ejanczak@freeborn.com

**Gerard Fox Law P.C.**
Gerard P. Fox
Lauren M. Greene
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447
gfox@gerardfoxlaw.com
lgreene@gerardfoxlaw.com

*Attorneys for Defendants*