ML Fashion, LLC, et al.
                      Plaintiff,

v.                                                    Case No.: 1:20–cv–05124
                                                    Honorable Steven C. Seeger

Nobelle, et al.
                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 19, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion for expedited discovery and to preserve evidence (Dckt. No. [5]) is granted in part and denied in part. The Court directs the parties to preserve evidence relevant to the claims and defenses in the case. That obligation expressly applies, without limitation, to the inventory, computers, and other property discussed in the amended complaint. If any party believes that there is a need for a more comprehensive preservation order, the parties shall meet and confer and submit a proposed order. The parties shall confer about the possible return of any inventory, computers, and other property possessed by Defendants but owned by Plaintiff ML Fashion, and shall file a status report by February 3, 2021. The request for expedited discovery is otherwise denied, except as follows. After reading the briefs, the Court has a number of questions for the parties. Each side shall file a statement answering the following questions (meaning the questions posed to them only) by February 3, 2021. The parties shall support their answers with declarations or affidavits. Plaintiffs must answer the following questions: (1) What, exactly, is the inventory belonging to ML Fashion that Defendants possess? What is it worth? (2) Did ML Fashion vacate the premises of the storefront in Greenwich, Connecticut? If so, when? Did the lease end, and if so, when? That is, did ML turn over the keys and relinquish possession to the landlord? (3) Paragraph 56 of the Amended Complaint alleges that ML Fashion "remains the owner of the leasehold on the Greenwich Property," and that Nobelle has "no right to operate" at that property." See Am. Cplt., at par. 2, 56. File a copy of the lease. (4) When it moved out, did ML Fashion leave any property behind, such as fixtures, furniture, and equipment? If so, what did it leave behind? Did ML Fashion tell the landlord that it was abandoning that property? (5) The complaint alleges that Defendants are using ML Fashion's fixtures, furniture, and equipment. What, exactly, are Plaintiffs referring to? Be specific. Is ML Fashion referring exclusively to property left behind when it vacated the premises? If not, what else is ML Fashion referring to? That is, what fixtures, furniture, and equipment are Defendants allegedly using that wasn't abandoned? (6) How many disputed computers are there? Only one? What confidential information does it allegedly contain? (7) Defendants offered to return a computer in September. Did Plaintiffs take Defendants up on their offer, and obtain the computer? If not, why not? If so, did Plaintiffs inform the Court that they had regained possession of the computer, one of the bases for the request for preliminary injunctive relief? (8) Did ML Fashion "abandon" the

computer, as Defendants maintain? If not, how did Defendants come into possession of the computer? (9) How many stores does ML Fashion currently operate within 100 miles of Greenwich, Connecticut? What stores? Where? Defendants must answer the following questions: (1) Do Defendants possess any inventory or any other property owned by ML Fashion? If so, what? How much is it worth? Why haven't Defendants returned it to ML Fashion? (2) Did Defendants sell any inventory owned by ML Fashion? If so, when, and how much? (3) Did Defendants use the computer in question? Did Defendants access any confidential information? In particular, the amended complaint alleges that a computer belonging to ML Fashion was active as of August 2020, and that the user "Nicolas" was logged in. Did Defendant Goureau access any of the computers owned or formerly owned by ML Fashion? If so, when? Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.