# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

---

ML FASHION, LLC and ML RETAIL, LLC,

    Plaintiffs,

v.

NOBELLE GW LLC, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU,

    Defendants.

Case No. 1:20-cv-05124

Hon. Steven C. Seeger

---

**PLAINTIFFS ML FASHION, LLC AND ML RETAIL, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

# INTRODUCTION

Plaintiffs ML Fashion, LLC ("ML Fashion") and ML Retail, LLC ("ML Retail") (collectively, "Plaintiffs") submit this memorandum of law in opposition to the Motion to Stay ("Motion") (ECF 47), brought by Defendants Nobelle GW LLC ("Nobelle"), Stephanie Menkin ("Menkin"), Sarit Maman Nagrani ("Nagrani"), and Nicolas Goureau ("Goureau") (collectively, "Defendants").

Defendants improperly ask this Court to stay the instant federal proceedings during the pendency of a state court action, currently pending in the Chancery Court of Delaware. More specifically, about two months prior to the initiation of this federal action, Defendants Menkin and Goureau filed a purported derivative shareholder action in Delaware state court related to certain business disputes for the operation of ML Fashion. In contrast, here, Plaintiffs' Amended *Verified* Complaint asserts claims for conversion, breach of fiduciary duty, breach of contract, tortious interference, fraud, violations of the Lanham Act, Defend Trade Secrets Act, and Computer Fraud and Abuse Act related to a separate set of facts and alleged wrongdoing. (ECF 35.) While in the Delaware action some written discovery has been served and answered, no depositions have been scheduled and further, the parties await the state court's ruling on a fully briefed Motion to Dismiss (for improper venue and failure to state a claim).

Defendants' motion to stay the present case pending resolution of Plaintiffs' state court lawsuit invokes *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (the "*Colorado River* doctrine"), but ignores the well-settled proposition of the landmark case that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *id*. at 813, to be invoked only in "exceptional circumstances" in which abstention "would clearly serve an important countervailing interest." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360

(7th Cir. 1996) (quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

The pervasive (and incorrect) theme of Defendants' Motion is that this federal action is "duplicative" of the Delaware state court action. Simply because the Defendants initiated the state court action first, involving *some* of the same parties and issues related to their business dealings, Defendants argue that they satisfy the standards set forth in the *Colorado River* doctrine. However, at bottom, the *Colorado River* doctrine directly refutes attempts to paint with such a broad brush, and Defendants fail to demonstrate that this federal litigation merits abstention from this Court. As discussed in detail herein, this case is not "parallel" to the Delaware state court action and no exceptional circumstances exist, such that this litigation should be stayed in favor of procession of the Delaware state court action. Defendants' Motion to Stay should be denied.

## ARGUMENT

I.  **STANDARD OF LAW.**

A federal court may stay a suit when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote "wise judicial administration." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976). The primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results. *Day v. Union Mines*, 862 F.2d 652, 657 (7th Cir. 1988). However, because the federal courts have a "heavy obligation" to exercise jurisdiction, "only the clearest of justifications will warrant dismissal" of the federal action in deference to a concurrent state proceeding in the name of prudent judicial administration. *Colorado River*, 424 U.S. at 819, 820.

To determine whether a stay is appropriate, this Court is required to conduct a two-part analysis. First, the Court must determine whether the state and federal court actions are parallel. *AAR Int'l Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). If the actions are not parallel, the *Colorado River* doctrine does not apply and the Court need not address the second

part of the analysis. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988). If, however, the Court determines that the proceedings are parallel, the Court must proceed to the second step to decide whether abstention is proper by carefully weighing ten non-exclusive factors. *AAR Int'l Inc.*, 250 F.3d at 522.

The ten factors are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Tyrer v. City of South Beloit*, 456 F.3d 744, 754 (7th Cir. 2006) (citing *Caminiti & Iatarola, Ltd.*, 962 F.2d 698, 701 (7th Cir. 1992)).

Although the sheer number of factors to be considered creates the risk of unpredictable and inconsistent results, the Supreme Court has expressly stated how those factors should be weighed: abstention is appropriate only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813. More importantly, the Supreme Court emphasized that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id*. at 817. Following this guidance, the Seventh Circuit has recognized a general presumption *against* abstention. *Sverdrup Corp. v. Edwardsville Cmty Unit Sch. Dist. No. 7*, 125 F.3d 546, 549–50 (7th Cir. 1997).

In this case, the facts demonstrate these cases are not parallel, and the ten-factor test weighs in Plaintiffs' favor. Accordingly, Defendants have failed to overcome the presumption against abstention, and their Motion should be denied.

## II. THE *COLORADO RIVER* DOCTRINE TWO-PART TEST DOES NOT SUPPORT THE REQUESTED STAY.

### A. The State and Federal Actions Are Not Parallel.

Defendants' Motion fails at the threshold and assumes (incorrectly) that, because the Delaware state court action involves similar parties and issues, the cases are parallel. Generally, the pendency of a state court action is no bar to proceedings concerning the same matter in federal court. *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 645, 649 (7th Cir. 2011), *citing Colorado River*, 424 U.S. at 817 ("[a]bstention requires more than the pendency of another lawsuit, because judicial economy will always be an issue when there is concurrent litigation. Knowing this, the Supreme Court nevertheless has admonished district judges not to stay or dismiss actions without strong justification to do so."). Contrary to Defendants' assertion, the Delaware state court action and this federal action are not parallel. Setting aside for the moment the difference in parties and subject matter, for a state court case to be parallel to a federal court case under *Colorado River*, the question is not whether the suits are formally symmetrical, but whether there is a "substantial likelihood" that the foreign litigation "will dispose of all claims presented in the federal case." *Day*, 862 F.2d at 656 (quoting *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)). That is not the case here.

Indeed, based on this test and a review of the claims at issue in the Delaware state court action, there is no question that the claims are not parallel. More specifically, the Delaware state court action was filed by Nicholas Goureau and Stephanie Menkin both on behalf of themselves and as a purported shareholder derivative lawsuit, based on the operation of a company (ML Fashion, LLC), owned in near-equal shares between Goureau, Menkin, and ML Retail, as outlined in an LLC Agreement. In the Delaware action, Menkin and Goureau assert, among other things, that the LLC Agreement was fraudulently induced. (*See generally* Delaware Compl., ECF 48 at

Exhibit 1.)

While the two proceedings arise in part from the same historical business relationship, involve some (though not all) of the same parties and some of the same factual background, the cases address significantly different events and conduct from which the claims arise. In the Delaware action, Menkin and Goureau allege that Lemonis engaged in misconduct from 2016 through early 2020 to create profit for himself and certain entities at Menkin's, Goureau's, and ML Fashion's expense. In contrast, Plaintiffs here allege that Defendants stole inventory and fixtures, furniture, and equipment ("FFE") from ML Fashion in 2020 to operate a competing retail business beginning in August 2020 (<u>after</u> the Delaware action had been filed).

As a result, the Delaware Action will not dispose of the claims in this action. Although Menkin and Goureau assert that they were fraudulently induced to enter into the LLC Agreement in the Delaware action (Del. Compl. ¶¶ 202-09), they simultaneously assert a claim for breach of the LLC Agreement in Delaware, in which they assert that the LLC Agreement is a valid, binding contract. (*Id.* ¶¶ 234-48). Unless Menkin and Goureau are voluntarily dismissing their contract claim in Delaware, it is far from guaranteed that the Delaware action could result in rescission of the LLC Agreement. What is more, to the extent that Defendants contend that rescission of the LLC Agreement would nullify ML Fashion as an entity, and thus dispose of its claims, ML Retail has asserted claims as well, and so it would continue to maintain those claims *even if* ML Fashion somehow ceased to exist. Similarly, the Delaware action could not resolve all of the claims against Defendants Nobelle and Nagrani, as neither are parties to the LLC Agreement or the Delaware action.

In addition, as stated herein, Plaintiffs' Amended Verified Complaint here asserts claims based upon events that largely occurred ***after*** Menkin and Goureau filed their action in Delaware

5

(and against additional parties), for conversion, breach of fiduciary duty, breach of contract, tortious interference, fraud, violations of the Lanham Act, Defend Trade Secrets Act, and Computer Fraud and Abuse Act. (ECF 35.) At the very least, the statutory claims under federal statutes and the common law claims for misconduct, including outright conversion of company property that post-dates the filing of the Delaware action, are not at issue in the state court litigation and, therefore, would not be disposed of in their entirety simply because Menkin and Goureau argue that the LLC Agreement should be invalidated based on "fraudulent inducement." *Position Technologies, Inc. v. Johnson,* 2010 WL 5135905, at *3 (N.D. Ill. Dec. 10, 2010) (holding resolution of the state court case would not address all of the issues in federal case, particularly claims brought pursuant to the Computer Fraud and Abuse Act, therefore were not parallel, and not appropriate for abstention).

Further, a federal action is not deemed parallel to a state action for *Colorado River* abstention purposes, simply because the claim upon which the federal action is based *could have been* pleaded as a compulsory counterclaim in the state court action. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 522 (7th Cir. 2001). What Defendants conveniently gloss over in their recitation of the procedural posture of the Delaware action, however, is that the ML Fashion Defendants filed a Motion to Dismiss, arguing that the action is not properly situated in Delaware and should be dismissed for improper venue, as ML Fashion Defendants do not reside in Delaware and are subject to mandatory venue selection clauses in Illinois based on the relevant agreements attached to the state court Complaint. The ML Defendants also moved for dismissal on Rule 12(b)(6) grounds, arguing, among other things, that Menkin and Goureau engaged in improper claim splitting by filing simultaneous lawsuits in Delaware *and* the District Court for the Southern District of New York and that, in any event, Menkin and Goureau failed to state their various

claims upon which relief can be granted. The argument that ML Fashion parties *could* assert the claims brought in this action as counterclaims in the Delaware action, essentially ignores the bases for the dismissal argued in Delaware, and improperly assumes that the Delaware action will proceed in favor of Menkin and Goureau. In addition, if the ML Fashion Defendants filed the claims advanced in this federal action as counterclaims in Delaware action, such arguments would essentially vitiate each of their arguments in favor of dismissal and enforcement of the contractual provisions at issue. Not only that, such an argument by Menkin and Goureau runs directly contrary to their own conduct in filing concurrent actions in state and federal courts, in both Delaware and New York respectively.

Because "[i]t would be a serious abuse of discretion" to abstain under *Colorado River* if "there is any substantial doubt" "that the parallel . . . litigation will be an adequate vehicle for the complete ... resolution of the issues between the parties," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983), and because any doubt regarding the parallel nature of the foreign suit should be resolved in favor of exercising jurisdiction, this Court should conclude that this federal action and the Delaware state court action are not parallel. *See also Jackson v. Safeguard Properties, LLC,* 2017 WL 1209544, at *2 (N.D. Ill. Mar. 31, 2017) (even though state and federal lawsuits involved the same property, the separate actions sought to resolve different issues related to that property, so were not "parallel" under the *Colorado River* doctrine). The Supreme Court has made clear that the inherent risks and inefficiencies of proceeding in multiple forums are not a sufficient basis for relinquishing federal jurisdiction. Because the proceedings are not parallel, a stay is not proper. *Huon*, 657 F.3d at 646.

  **B.**  **The *Colorado River* Factors Disfavor A Finding of Abstention.**

This action and the Delaware action are not "parallel" such that this Court need not consider the second step in the *Colorado River* analysis; nevertheless, evaluation of the ten non-exclusive

7

factors further demonstrates the absence of "exceptional circumstances" to justify abstention under the *Colorado River* doctrine. Abstention is appropriate only if exceptional circumstances present "the clearest of justifications" to abstain from exercising jurisdiction. *See Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 500 (7th Cir. 2011) (citing *Moses H. Cone*, 460 U.S. at 25–26) (quotation omitted). As no such exceptional circumstances exist, abstention is improper.

1. **Whether the state has assumed jurisdiction over property**. The Delaware court entered a Status Quo order on or around September 8, 2020, ordering certain restrictions regarding ML Fashion funds and payment of expenses related thereto. While the Delaware Court has asserted jurisdiction over *some* company property via the Status Quo Order, it is not dispositive as to *all* property at issue. More specifically, the Delaware Court has not assumed jurisdiction over the property at-issue in *this* action, *i.e.*, the ML Fashion inventory and fixtures, furniture, and equipment (FFE) stolen by Defendants. This factor does not favor abstention, and if anything, is neutral.

2. **The inconvenience of the federal forum**. Defendants cite to no reason as to why litigating the dispute in this federal forum would be exceptionally onerous, particularly since Delaware is a far less convenient forum, as none of the parties, Plaintiffs or Defendants, are physically present in that state. More importantly, two of the Defendants—Menkin and Goureau—as parties "closely related" to ML Fashion, agreed to the exclusive forum of Illinois courts (state or federal). (*See* Opp. to Mot. Dismiss, at 13.) Simply stating that Lemonis is "the only party physically present in this District" is far from persuasive given the express language of the agreements at issue, coupled with the fact that no individual person is a resident of Delaware, to satisfy this factor in favor of abstention. In fact, Defendants ignore the Supreme Court's admonition in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S.

49, 61 (2013), that forum and venue selection clauses are to be enforced "in all but the most exceptional cases," and essentially assume that the Delaware state court action will proceed without interruption, without heeding the contractual forum and venue selection clauses. However, what Plaintiffs will lose if this case is stayed (or dismissed) is the opportunity to litigate in accordance with its bargained-for contractual provisions, among other things, to which it is entitled. Moreover, there is no evidence of what more Plaintiffs could have done (or do) in the Delaware state court action to make it clear that it was not consenting to the procession of the case in that forum.

3. **The desirability of avoiding piecemeal litigation**. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day*, 862 F.2d at 659 (internal quotation marks omitted). While the Delaware state court action and this action have *some* of the same parties in common, and *some* overlapping issues related to the LLC Agreement as described herein, this factor disfavors abstention. The two cases can move forward concurrently (and efficiently), avoiding the pitfalls of piecemeal litigation, particularly given that many claims in this case turn on federal question jurisdiction which are not being litigated in the Delaware court. *See Tyrer*, 456 F.3d at 756 ("[T]he danger of piecemeal litigation does not turn on formal identity of issues but on concerns about the efficient use of judicial resources[.]"). Here, the federal case deals with misconduct that is not addressed in, and largely post-dates the allegations of, the state court action, and the law governing the claims in the present suit is largely federal, thus posing less of a risk of piecemeal litigation. *See supra*. What is more, as described herein, Defendants' protestations against "piecemeal litigation" is hypocritical given that they filed their own suits in both Delaware state court and New York federal court. This factor does not favor abstention.

9

4. **The order in which jurisdiction was obtained by the concurrent forums**. While it is true that the Delaware state court action was filed two months ahead of the instant federal action, this factor does not favor abstention. The Delaware State Court action is not significantly more advanced in the litigation process than this case to weigh in favor of a stay, as the parties in the Delaware case are in the preliminary discovery stages, and the court has yet to rule on the fully briefed motion to dismiss. *UL, LLC v. Am. Energy Prods., LLC*, 2018 WL 398259, at *4 (N.D. Ill. Jan. 13 2018) (filing of state court action two months before federal action, where case was not more advanced in terms of process, did not favor request for abstention under *Colorado River* factors).

5. **The source of governing law, state or federal**. The source of governing law in this action is largely federal, based on claims brought pursuant to the Lanham Act, Defend Trade Secrets Act, and the Computer Fraud and Abuse Act. This factor disfavors abstention.

6. **The adequacy of state-court action to protect the federal plaintiff's rights**. While the Delaware Court is likely capable of protecting some of the federal Plaintiffs' rights, the simple fact remains that this case involves a host of claims based on violations of federal statutes, in addition to filing in accordance with the predetermined venue and forum selection clauses in the relevant company agreements between the parties. *Selective Ins. Co. of Am. v. D7 Roofing, LLC*, 2015 WL 5118124, at *2 (S.D. Ill. Aug. 28, 2015) (while state court could adequately protect federal plaintiff's rights, it did not favor abstention because plaintiff was entitled to exercise its right to file in federal court). This factor does not favor abstention.

7. **The relative progress of state and federal proceedings**. This factor favors the court whose proceedings are furthest advanced, and contrary to Defendants' assertion, the facts do not favor abstention. As stated herein, in the state court action the motion to dismiss has been fully

briefed, but not ruled upon and, while the parties have exchanged initial discovery, it cannot be said that the state court action is leaps and bounds ahead of the instant action in terms of litigation progress. This factor does not favor abstention.

8. **The presence or absence of concurrent jurisdiction**. As stated herein, Plaintiffs assert claims based on Defendants' violations of federal statutes, in addition to certain state common law claims. While the state courts can address federal claims, so too can federal courts interpret state common law claims. If anything, this factor is neutral and does not favor abstention. *Cf. Caminiti*, 962 F.2d at 702-03 (holding that the state court's inability to hear a federal claim weighed against abstention).

9. **The availability of removal**. Simply because the Delaware action was unsuccessfully removed to Delaware federal court (for lack of diversity), it does not dictate that *this* action cannot proceed in *any* federal court, including this Court. Defendants' argument fails to persuade on this score, particularly given that Plaintiffs advance claims conferring federal question jurisdiction, in addition to matters of diversity. This factor does not favor abstention.

10. **The vexatious or contrived nature of the federal claim.** Defendants allege, without any basis, that because Plaintiffs here could have alleged their claims as "compulsory counterclaims" in the Delaware action, the purpose of this lawsuit is inherently vexatious. (ECF 47 at PageID #1013.) As repeatedly stated herein, the federal plaintiffs filed this suit to enforce their rights against the named Defendants to redress harm for unfair competition, trade secret misappropriation, and outright conversion of company property, with adequate claims pleaded under state and federal law. Accordingly, there is no evidence to support any inference that Plaintiffs here lacked good faith in bringing this federal action; such arguments therefore should not be entertained by this Court. *Yeomans Chicago Corp. v. Goulds Pumps, Inc.*, 2013 WL

655519, at *5 (N.D. Ill. Feb. 21, 2013) (declining to entertain "purely speculative" nature of allegations of vexatious motives in filing federal action).

## III. CONCLUSION

**WHEREFORE**, Plaintiffs ML Fashion, LLC and ML Retail, LLC respectfully request that this Court deny Defendants' Motion to Stay and award Plaintiffs such other relief as the Court may deem just and proper under the circumstances.

Dated: February 3, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: *Michael D. Wexler*
   Michael D. Wexler
   Robyn E. Marsh
Willis Tower
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5559

Jesse M. Coleman
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 238-1805

*Attorneys for Plaintiffs ML Fashion, LLC and ML Retail, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 3, 2021, he caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's ECF system.

/s/  Michael D. Wexler
Michael D. Wexler