# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ML FASHION, LLC, and ML RETAIL, LLC, | )<br>)<br>) Case No. 1:20-cv-05124 |
| Plaintiffs, | )<br>) |
| v. | ) Hon. Steven C. Seeger<br>) |
| NOBELLE GW, LLC, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STAY THIS ACTION PENDING <u>RESOLUTION OF THE DELAWARE LITIGATION</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    A.   Plaintiffs Cannot Defeat the Parallel Nature of the Cases at Issue ..................................... 2

    B.   Plaintiffs Cannot Tip the Scale of Abstention Factors in Their Favor ................................ 8

CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*AAR Int'l, Inc. v. Nimelias Enterprises S.A.*,
  250 F.3d 510 (7th Cir. 2001) ................................................................................. 6

*Adkins v. VIM Recycling, Inc.*,
  644 F.3d 483 (7th Cir. 2011) ................................................................................. 2

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
  571 U.S. 49 (2013) ................................................................................................. 9

*Buchanan Serv., Inc. v. Crew*,
  50 Del. 22 (Del. Super. Ct. 1956) ........................................................................ 4

*Canna v. Canna*,
  2020 WL 6203334 (N.D. Ill. Oct. 22, 2020) ...................................................... 6

*Clark v. Lacy*,
  376 F.3d 682 (7th Cir. 2004) ..................................................................... 3, 7, 8, 11

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ............................................................................................... 1

*Day v. Union Mines Inc.*,
  862 F.2d 652 (7th Cir. 1988) ............................................................................ 4, 5

*DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*,
  953 F.3d 469 (7th Cir. 2020) ................................................................................ 3

*Ellis Corp. v. Hershfield*,
  1988 WL 2786 (N.D. Ill. Jan. 12, 1988) .......................................................... 5, 6

*Feldman v. Norman*
  2018 WL 5808474 (N.D. Ill., Nov. 6, 2018) ...................................................... 8

*Freed v. J.P. Morgan Chase Bank, N.A.*,
  756 F.3d 1013 (7th Cir. 2014) .............................................................................. 7

*Gen. Motors Corp. v. M&G Mgmt.*,
  2003 WL 21501782 (N.D. Ill. June 25, 2003) .................................................... 6

*Goodin v. Vendley*,
  356 F. Supp. 3d 935 (N.D. Cal. 2018) .............................................................. 10

*Huon v. Johnson & Bell, Ltd.*,
  657 F.3d 641 (7th Cir. 2011) ................................................................................ 3

*Interstate Material Corp. v. City of Chicago*,
    847 F.2d 1285 (7th Cir. 1988) .............................................................................. 7

*Jackson v. Safeguard Properties, LLC*,
    2017 WL 1209544 (N.D. Ill. Mar. 31, 2017) ......................................................... 5

*Legal Helpers Debt Resolution, L.L.C. v. CDS Client Servs., Inc*.
    2012 WL 4174996 (N.D. Ill. Sept. 17, 2012) ................................................. 10, 11

*Liebert Corp. v. Mazur*,
    2004 WL 2095666 (N.D. Ill. Sept. 17, 2004) ......................................................... 6

*Lumen Const., Inc. v. Brant Const. Co.*,
    780 F.2d 691 (7th Cir. 1985) .............................................................................. 4, 5

*Monco v. Zoltek Corp.*,
    2019 WL 952138 (N.D. Ill. Feb. 27, 2019) ............................................................ 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ............................................................................................. 7, 10

*Position Techs., Inc. v. Johnson*,
    2010 WL 5135905 (N.D. Ill. Dec. 10, 2010) ...................................................... 5, 6

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) ............................................................................................... 2

*Ritz of Chicago, Ltd. v. Espinosa*
    2009 WL 1904401 (N.D. Ill. July 2, 2009) ............................................................ 8

*Royal Indem. Co. v. Apex Oil Co.*,
    511 F.3d 788 (8th Cir. 2008) ................................................................................. 7

*Selective Ins. Co. of Am. v. D7 Roofing, LLC*,
    2015 WL 5118124 (S.D. Ill. Aug. 28, 2015) ....................................................... 12

*Sullivan v. Cox*,
    78 F.3d 322 (7th Cir. 1996) ................................................................................... 9

*Tyrer v. City of S. Beloit, Ill*.,
    456 F.3d 744 (7th Cir. 2006) ............................................................................... 12

*UL, LLC v. Am. Energy Prod., LLC*,
    2018 WL 398259 (N.D. Ill. Jan. 13, 2018) .......................................................... 11

*Yeomans Chicago Corp. v. Goulds Pumps, Inc*.,
    2013 WL 655519 (N.D. Ill. Feb. 21, 2013) .......................................................... 13

**Rules**

Del. Ch. Ct. R. 13...................................................................................................................... 5

Fed. R. Civ. P. 8 ........................................................................................................................ 4

## INTRODUCTION

What has by now become the trademark of Plaintiffs' opposition papers in this round of motion practice, Plaintiffs' opposition brief here simply pretends that none of Defendants' authorities even exists—instead, they state their case without addressing any of them and hope for the best.[1] While this certainly saves Plaintiffs considerable time and money, this is hardly of any assistance to this Court. As Defendants demonstrated, the action at bar is exactly the kind of exceptional case that the *Colorado River* abstention doctrine was intended to encompass. Plaintiffs' wasteful expeditions into this Court (and the Illinois state court in a related proceeding) threaten the exact inconsistent results that the abstention doctrine seeks to avoid in its pursuit of "an important countervailing interest," such as "wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 & 818 (1976). What Plaintiffs identify as factual differences purportedly warranting two distinct lawsuits are, in fact, merely factual disputes and differing interpretations of the same core universe of facts underlying the parties' claims. The Delaware Court of Chancery is poised to resolve all of these disputes in an efficient and equitable manner—especially the question as to the very validity of the underlying contract here, which is a subject of a fraudulent inducement claim pending in Delaware.

As the parties in Delaware have already exchanged discovery, the Delaware court has taken charge of the very property at issue in this case, and it is on the brink of ruling on a fully submitted motion to dismiss, those proceedings are already ahead. Once the motion to dismiss is resolved, Plaintiffs can file the claims asserted here as counterclaims in Delaware. The bottom line is that there is simply no discernable reason for both cases at issue to proceed simultaneously—and

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted. All "Ex." references are to the Affidavit Lauren M. Greene dated January 4, 2021 unless otherwise noted. All defined terms are the same as those defined in Defendants' opening papers.

1

Plaintiffs' continuous insistence on multiplying forums (case in point: their recent filing of yet another action in the Illinois state court) is nothing but Goliath aiming to outspend David into submission. The Court should refuse to participate in this gamesmanship and abstain.

**ARGUMENT**

As Defendants demonstrated in their opening papers, all the relevant factors counsel in favor of staying the action at bar in favor of the Delaware litigation. While Plaintiffs stress the "exceptional" nature of the abstention remedy requiring "an important countervailing interest" (Opp'n at 1-2), the *Colorado River* abstention doctrine presupposes that "these exceptional circumstances ***exist*** where denying a federal forum would clearly serve an important countervailing interest, such as … regard for federal-state relations, or wise judicial administration." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 496-97 (7th Cir. 2011), citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).[2] It is those very considerations that counsel in favor of abstaining here.[3]

    **A.**     <u>**Plaintiffs Cannot Defeat the Parallel Nature of the Cases at Issue**</u>

As Defendants showed, these actions are parallel because: (1) they arise from the same

---

[2] Curiously, Plaintiffs cite no support for their bald assertion that "[t]he Supreme Court has made clear that the inherent risks and inefficiencies of proceeding in multiple forums are not sufficient basis" for abstention (Opp'n at 7), which is contrary not only to the above-cited *Quackenbush* opinion but also to the *Colorado River* opinion itself.

[3] In passing, Plaintiffs seem to suggest that Defendants' initiation of another action in New York plays counter to their concerns about wise judicial administration here. (Opp'n at 7.) Yet, as Defendants explained (Def. Br. at 3 n.2), the separate litigation pending in the Southern District of New York concerns Lemonis' investment into Menkin and Goureau's family business (a separate company incorporated in New York) and the harm caused thereby. (FAC ¶ 76; *see also* Dkt. 14 at Ex. 4.) As Defendants posited, "[t]hose related issues are separate from the claims asserted in Delaware litigation and copycatted by Plaintiffs here." (Def. Br. at 3 n.2.) Nowhere do Plaintiffs respond to this distinction and should thus be deemed to have conceded it. *See MCI WorldCom Network Servs., Inc. v. Atlas Excavating, Inc.*, 2006 WL 3542332, at *3 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."). By contrast, Plaintiffs have spread their claims over ***two additional*** venues (the case at bar and another action filed in November 2020 the Illinois state court (Def. Br. at 3-4)), even though all Plaintiffs' claims arise from the business incorporated in Delaware and governed by Delaware law.

core operative facts, involve substantially the same parties and focus on the same LLC Agreement that defines their rights and obligations; (2) the Delaware litigation is likely to dispose of most of the claims here, since it involves a claim for fraudulent inducement of the LLC Agreement, which is the core ingredient of Plaintiffs' claims; (3) the claims Plaintiffs brought here can be asserted in the Delaware Litigation; and (4) since the common factual nucleus is substantially similar, these cases will turn on the same witnesses and other evidence. (*See* Def. Br. at 5-9.) In response, Plaintiffs concede that the lawsuits "arise in part from the same historical business relationship, involve some (though not all) of the same parties and some of the same factual background." (Opp'n at 5.) They, however, contend that this is insufficient to render the actions parallel.

Although Plaintiffs take issue with the very premise that "similar parties and issues" may render the cases parallel (Opp'n at 4), they (predictably) ignore the very authorities that state the rule they challenge. (*See* Def. Br. at 5, citing *DePuy Synthes Sales, Inc. v. OrthoLA, Inc*., 953 F.3d 469, 477 (7th Cir. 2020) ("Two suits are considered parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum…. The two lawsuits in our case are parallel [because] … [t]hey involve the same parties, the same facts, and the same issues."), and *Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004) (where the cases involve common facts and thus "the same issues, evidence and witnesses[,] [o]ur Court has held that this sort of redundancy counsels in favor of a stay [based on abstention]. Not only would a stay save judicial resources, but it would also protect against the danger of the two proceedings reaching inconsistent results").) Plaintiffs argue that the Court should instead determine whether the state litigation is poised to dispose of all claims in the action at bar.[4] Yet those are two sides of the

---

[4] Notably, Plaintiffs insist on this consideration yet present no cases where it led to any court denying abstention. Indeed, in *Huon v. Johnson & Bell, Ltd*., 657 F.3d 641, 646 (7th Cir. 2011), the only authority reversing an abstention order cite don this point, the court did so only because the district court below appeared to apply the *res judicata* factors instead of the relevant *Colorado River* considerations and failed

3

same coin. (*See, e.g.*, Def. Br. at 7, citing *Niigata Mach. Techno Co. v. SNK Am., Inc.*, 2018 WL 11219942, at *3 (N.D. Ill. Sept. 12, 2018) (rejecting the argument that the claims are not parallel because "the state suit can proceed with [defendant]'s claims without impacting" the federal action: "The respective federal and state claims are parallel because they arise out of the same set of disputed facts. In the cases at issue here, there is a substantial likelihood that the state court's factual determinations will dispose of all the claims presented in the instant case.").) Given that the cases involve substantially the same parties, the same facts and the same issues, the Delaware litigation is bound to dispose of all the claims asserted here—especially given that the Delaware court will consider whether the LLC Agreement was fraudulently induced in the first place. If that issue is resolved against them in Delaware, Plaintiffs will have no claims left here, since all their claims arise from that agreement, including their rights to the inventory and their non-compete rights. (*See* Def. Br. at 6-7 (collecting cases ignored by Plaintiffs where courts found cases to be parallel based on the state litigation including claims that challenged validity of the underlying contract).)[5]

Plaintiffs then strain to find any dissimilarity, and their solution is to underscore that a *subset* of their claims arises from the conduct that is currently not covered by the claims in

---

to set forth an adequate analysis of abstention in general. In turn, both *Day v. Union Mines Inc.*, 862 F.2d 652 (7th Cir. 1988), and *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691 (7th Cir. 1985), affirmed abstention orders—the former did so by finding that the state court action was yet to include all the same issues but could conceivably do so in the future, *see Day*, 862 F.2d at 656-58, and the latter concluded that "state court litigation will ***probably*** eliminate the need for any further proceedings in federal court … [given that] the similarity between the two cases is sufficient to justify the conclusion that the state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties," *Lumen*, 780 F.2d at 695-96.

[5] Plaintiffs' bizarre response on this point is that the Delaware fraudulent inducement claim is purportedly inconsistent with Defendants' contractual claims also asserted in Delaware (Opp'n at 5). This, of course, simply ignores that Delaware follows the equivalent of FRCP 8, "which authorizes inconsistent alternate and hypothetical pleadings. In stating contentions in a pleading, a party may be inconsistent either in the statement of facts or in the legal theories adopted and he is not required to elect upon which legal theory he will proceed." *Buchanan Serv., Inc. v. Crew*, 50 Del. 22, 27-28, 122 A.2d 914, 917 (Del. Super. Ct. 1956).

4

Delaware—namely, the events that supposedly took place after the Delaware complaint was filed. (Opp'n at 5-6.) This is disingenuous, considering that Plaintiffs also assert claims here that encompass the same time period as that at issue in Delaware and raise similar alleged misuse of corporate funds (including corporate credit card charges—the exact same claims that Defendants asserted against Lemonis in the Delaware litigation). (*See, e.g.*, FAC ¶¶ 59-62 & 63-64 (alleging misappropriation of funds and improper salaries from 2016 until early 2020).)[6] Moreover, the Delaware lawsuit *could* include the August 2020 events as well, since Plaintiffs are free to assert them there by way of counterclaims. (*See* Def. Br. at 8, citing *Ellis Corp. v. Hershfield*, 1988 WL 2786, at *2 (N.D. Ill. Jan. 12, 1988) (confirming that availability of counterclaims to include the missing allegations in the state case is a relevant consideration in finding the cases parallel).) *Cf.* Del. Ch. Ct. R. 13(a) (allowing for compulsory counterclaims if they "arise[] out-of-the-transaction or occurrence that is the subject matter of the opposing party's claim) & Del. Ch. Ct. R. 13(b) (allowing for permissive counterclaims "not arising but of the transaction or occurrence that is the subject matter of the opposing party's claim"). Indeed, Plaintiffs' assertion that there must be some kind of "guarantee[]" that the Delaware litigation will dispose of all the claims for abstention to come into play is not supported by any authority—and, in fact, is contrary to Plaintiffs' own cases. *See, e.g.*, *Day*, 862 F.2d at 657 (rejecting the argument that "the district court must not base its stay decision on the fact that the state proceedings *could* be modified to include the … [missing] issues" because "the district court judge could *reasonably assume* that the federal issue would be decided in the full course of the state litigation."); *Lumen*, 780 F.2d at 695-96 (resting on mere "probab[ility]" that state court litigation will dispose of the issues).[7]

---

[6] This distinguishes the case at bar from *Jackson v. Safeguard Properties, LLC*, 2017 WL 1209544, at *2 (N.D. Ill. Mar. 31, 2017), where the cases had no time-overlap.

[7] Plaintiffs' reliance on *Position Techs., Inc. v. Johnson*, 2010 WL 5135905 (N.D. Ill. Dec. 10, 2010), as purportedly supporting the notion that this Court should decline abstention based on the Delaware

In this connection, Plaintiffs' reliance on *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 522 (7th Cir. 2001), for the strawman argument that these cases should not be "deemed" parallel just because the claims in this action can be asserted as counterclaims in the Delaware litigation (Opp'n at 6), is irrelevant since Defendants never made the argument in the first place. Rather, the point of counterclaim availability is to show that these actions are parallel because they involve substantially the same subject matter and parties (which in turn gives rise to the possibility that any missing claims can be added through counterclaims). Indeed, the *AAR Int'l* reversed the abstention order because it doubted that such a procedure was available in Greece, the situs of the allegedly parallel action. *See* 250 F.3d at 522. By contrast, it is certainly available in Delaware. *See Canna v. Canna*, 2020 WL 6203334, at *6 (N.D. Ill. Oct. 22, 2020) (abstaining based on, *inter alia*, the consideration that "all of Plaintiff's claims arise from a single group of operative facts …. The Court is aware of no reason why Plaintiff could not bring those claims as counterclaims in the state court action."), citing *Liebert Corp. v. Mazur*, 2004 WL 2095666, at *2 (N.D. Ill. Sept. 17, 2004) (abstaining under *Colorado River* where plaintiff could have brought all claims, including CFAA claims, in parallel state court action); *Gen. Motors Corp. v. M&G Mgmt.*, 2003 WL 21501782, at *3 (N.D. Ill. June 25, 2003) (abstaining based on, *inter alia*, the consideration that the arguments "are available to GM as potential defenses or counterclaims in the state action"). (*Accord* Def. Br. at 8, *Ellis Corp.*, 1988 WL 2786, at *2.)

Finally, Plaintiffs' attempt to defeat parallelism of these actions by pointing to some differences in parties (such as Nobelle and Nagrani not being a part of the Delaware Litigation,

---

litigation missing certain claims asserted here (Opp'n at 6) is distinguishable, since the state litigation in *Johnson* had proceeded beyond counterclaims. *See* 2010 WL 5135905, at *1 & *id.* n.2. Accordingly, the court concluded that the state litigation was unlikely to address the missing claims since they had not been included in the counterclaims. *See id.* at *2. By contrast, the Delaware litigation is awaiting the court's ruling on a motion to dismiss; once it is issued, defendants can file their counterclaims and include the supposedly missing claims.

Opp'n at 5) is a non-starter, given the above-discussed availability of counterclaims (where Plaintiffs could implead additional defendants), as well as Plaintiffs' own authorities that specifically reject such an attack. (*See, e.g.*, Opp'n at 3, citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("The addition of the federal defendants in the federal suit by itself does not destroy the parallel nature of the cases. If it did, parties could avoid the doctrine of Colorado River by the simple expedient of naming additional parties.").) Unsurprisingly, it also ignores Defendants' authorities rejecting the same argument. (Def. Br. at 7-8, citing *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1020 (7th Cir. 2014) ("[T]he parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action."), and *Clark*, 376 F.3d at 686-87 ("The addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings. Again, the requirement is that the parties be substantially the same—not completely identical. When we focus on the parties' litigation interests in these two lawsuits, it is clear that the addition of these four defendants has little impact on the overall similarity of the disputes….").)[8]

As there is little doubt, let alone the required "**substantial** doubt," that the Delaware litigation will be an adequate vehicle for the complete … resolution of the issues between the parties" (Opp'n at 7, citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, (1983)), the cases are parallel, counseling in favor of abstention.

---

[8] Plaintiffs' attempt to litigate the merits of their motion to dismiss in Delaware (Opp'n at 6-7) is irrelevant. Suffice it to note, however, that Plaintiffs' venue challenge in Delaware fails on its face, given that ML Fashion is a *Delaware* company. In any event, this is not a relevant consideration where, as here, Plaintiffs asked for an order *staying* rather than *dismissing* the action at bar. *See, e.g., Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797-98 (8th Cir. 2008) ("Here, the Illinois state court could potentially grant the motions to dismiss …, leading to different parties in each lawsuit and perhaps creating non-parallel proceedings. Therefore, because of the potential for non-parallel proceedings, … we remand so that the district court can enter a stay rather than a dismissal in this lawsuit.").

B.     **Plaintiffs Cannot Tip the Scale of Abstention Factors in Their Favor**

As Defendants showed, **_all_** the applicable factors support the requested abstention. (Def. Br. at 9-12.) As shown below, Plaintiffs failed to make a dent in that showing thus further counseling in favor of abstention.

- *The desirability of consolidating litigation in one place, or the value in avoiding "piecemeal" or broken-up proceedings.* Plaintiffs rehash their arguments against the parallel nature of the cases here (Opp'n at 9), which fail for the reasons stated above. Although Plaintiffs attempt to underscore that certain of their claims involve federal question, they simply ignore that the Delaware court shares concurrent jurisdiction on that question (*see* Def. Br. at 10-11 (collecting cases demonstrating that all the federal question claims asserted here can be heard and resolved by the Delaware court), citing, *inter alia*, *Clark*, 376 F.3d at 688 ("[T]he availability of concurrent jurisdiction weigh[s] in favor of a stay.")).

- *The inconvenience of the federal forum.* As Defendants showed, this factor weighs in favor of the requested abstention because Mr. Lemonis is the only party physically present in this District, and every other individual is elsewhere, be it New York or Florida. (Def. Br. at 9, citing *Feldman v. Norman*, 2018 WL 5808474, at *2 (N.D. Ill., Nov. 6, 2018), and *Ritz of Chicago, Ltd. v. Espinosa*, 2009 WL 1904401, at *2 (N.D. Ill. July 2, 2009).)

    Plaintiffs respond by interposing their closely-related party argument to assert that certain Defendants somehow consented to the forum selection clauses found in the contracts to which Plaintiffs are the only parties. (Opp'n at 8.) It did not work for jurisdiction and venue (as Defendants showed in their briefs in support of their motion to dismiss), and it does not work to establish convenience either: none of the Defendants is

actually a party to any contract with a forum selection clause here; as such, asserting that they "agreed" to this forum as "closely-related" parties is another way of conceding that they never agreed because they are not actual parties. Unsurprisingly, Plaintiffs cite no authorities finding their touted concept of "close-relatedness" sufficient to defeat the inconvenience factor.[9] This is especially so given that Plaintiffs failed to plead sufficient factual support for the asserted close-relatedness. Indeed, neither Nagrani nor Nobelle is even part of this argument; as to Menkin and Goureau, it is undisputed that they make no managerial decisions and thus had nothing to do with Plaintiffs' decision to enter into these contracts; moreover, based on the evidence in the record, Goureau has never been more than a passive member, and Menkin's signature in her capacity as ML Fashion's president cannot be deemed her ***personal*** agreement as a matter of law.[10] Accordingly, Plaintiffs' plea to respect their "bargained-for" forum-selection choices (Opp'n at 9) is illusory, since this was a bargain solely as between the Plaintiffs themselves.

Plaintiffs also assert that no party here is a resident of Delaware (Opp'n at 8), which conveniently glosses over the fact that ML Fashion is a Delaware company, and that both Menkin and Goureau have already consented to the Delaware forum for purposes of their claims asserted in the Delaware litigation. As such, this factor overwhelmingly favors abstention.

- ***The order in which jurisdiction was obtained in the concurrent fora.*** As Defendants

---

[9] The Supreme Court's decision in *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 50 (2013), dealt with litigants that actually agreed to the forum selection clauses at issue; accordingly, it has no application here.

[10] *See, e.g., Monco v. Zoltek Corp.*, 2019 WL 952138 , at *15-17 (N.D. Ill. Feb. 27, 2019) (rejecting the notion of "closely-related" parties for purposes of jurisdiction based on a forum selection clause where the signatory is an officer who "signs an agreement on behalf of a corporation and indicates next to his signature his corporate affiliation," thus signifying that "the officer is not personally bound), citing, *inter alia*, *Sullivan v. Cox*, 78 F.3d 322, 326 (7th Cir. 1996).

9

showed, this factor weighs in favor of the requested abstention because: (1) the Delaware litigation is older by two months, (2) a motion to dismiss there has been under submission since early November, (3) the Delaware court has issued a status quo order governing the relationship between the parties for purposes of the immediate future, and (4) discovery is underway, which further buttresses the Delaware court's primacy in jurisdiction. (Def. Br. at 9, citing *Lumen*, 780 F.2d at 697 (abstention was proper in part because state case was the first filed), and *Legal Helpers Debt Resolution, L.L.C. v. CDS Client Servs., Inc.*, 2012 WL 4174996, at *4 (N.D. Ill. Sept. 17, 2012) (same).)

Plaintiffs' response on this factor is limited to observing that the Delaware court purportedly asserted jurisdiction only over "*some*" company property and not the property at issue in the action at bar. (Opp'n at 8 (original emphasis).) That is incorrect: the Status Quo Order (issued by the Delaware court on September 8, 2020) asserts jurisdiction over "any asset" of the company and, among other things, specifically over "computer equipment," which is undeniably "property at issue" in the action at bar. (*See* Ex. 3 at §§ 1(c) & (1)(j).) As such, this factor overwhelmingly favors abstention.

- ***The source of governing law—federal or state.*** As Defendants showed, this factor weighs heavily in favor of the requested abstention, since the parties chose Delaware law to govern their business relationship. (*See* Def. Br. at 10, citing FAC, Ex. 1 at ¶ 13.9). In response, Plaintiffs, once again, point to their federal claims (Opp'n at 10), which, as discussed, are equally susceptible to resolution by the Delaware court.[11] Given that susceptibility, it would be "wise judicial administration" to consolidate all the common law claims in that

---

[11] *See Goodin v. Vendley*, 356 F. Supp. 3d 935, 946 (cited in Def. Br. at 10) ("The source-of-law factor has less significance where the federal courts' jurisdiction ... is concurrent with that of the state courts."), *citing Moses*, 460 U.S. at 25.

court as well, since they are all governed by Delaware law. (Def. Br. at 10, citing *Clark*, 376 F.3d at 687-88 (concluding that "because both cases are governed by New York law, it is better to defer to the New York courts to consider the issues presented [because] [a] state court's expertise in applying its own law favors a *Colorado River* stay" and affirming the stay even though all other abstention factors were neutral).)

- ***The relative progress of the state and federal proceedings.*** As Defendants showed (Def. Br. at 10), as well as discussed above, the parties have already exchanged written discovery in Delaware, the Delaware court issued its Status Quo order taking charge of the company property, and the fully submitted motion to dismiss has been pending since November (and is thus likely to be imminently resolved). Thus, although Plaintiffs may not view the two-month priority in filing as much of an advance (Opp'n at 10), the comparative progress of the actions proves otherwise.[12]

- ***The presence or absence of concurrent jurisdiction***. As Defendants showed (Def. Br. at 10-11), as well as discussed above, the Delaware court has concurrent jurisdiction over all the federal claims asserted at the action at bar. Plaintiffs respond by pointing out that this Court can also resolve all the common law claims (Opp'n at 11) but cite no authorities that found this to be a relevant consideration in the abstention analysis. Indeed, given the prevalence of Delaware law, which was a deliberate contractual choice in the underlying LLC Agreement, this factor should also weigh in favor of the requested abstention.

- ***The adequacy of the state-court action to protect the federal plaintiff's rights.*** As

---

[12] Plaintiffs' reliance on *UL, LLC v. Am. Energy Prod., LLC*, 2018 WL 398259, at *4 (N.D. Ill. Jan. 13, 2018), does not require a different conclusion since the proponent of abstention there appeared to have purposefully delayed the progress of the federal suit. By contrast, the court in *Legal*, 2012 WL 4174996, at *4 (cited in Def. Br. at 10), found mere weeks to be a sufficient advance where, unlike the federal case, the state court action had progressed through discovery, and the state court had ruled on a motion for a temporary restraining order.

Defendants showed, given concurrent jurisdiction, Plaintiffs have the opportunity to raise their (meritless) federal theories in the state court, which is competent to interpret federal law. (Def. Br. at 11, citing *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 757 (7th Cir. 2006) (the "insinuation that [state court] will not live up to the standard of full and fair adjudication of the issues 'is pure speculation that we expressly disavow'"). In response, Plaintiffs concede that the Delaware court can resolve "some" of their federal claims (Opp'n at 10) but do not explain why only "some" and which ones.[13]

- ***The availability of removal.*** As Defendants showed (Def. Br. at 11-12), this factor weighs heavily in favor of the requested abstention because the Delaware defendants actually removed the Delaware action at first, only to be quickly remanded back to state court based on lack of diversity. Plaintiffs respond that this factor does not prevent this action to proceed in ***any*** federal court (Opp'n at 11 (original emphasis)) thus missing the point entirely. This is because this factor is specifically designed "to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed." (Def. Br. at 11-12, citing *Niigata*, 2018 WL 11219942, at *5.) Accordingly, since, as discussed above, the action at bar and the Delaware litigation involve "closely related" claims, this factor militates ***against*** hearing them here, given that the claims asserted in Delaware "cannot be removed."

- ***Whether the federal action is vexatious or contrived.*** As it has by now become second nature for Plaintiffs' opposition briefs, they simply ignore Defendants' authorities

---

[13] Plaintiffs' reliance on *Selective Ins. Co. of Am. v. D7 Roofing, LLC*, 2015 WL 5118124, at *2 (S.D. Ill. Aug. 28, 2015), for the proposition that they are nevertheless entitled to their choice of federal forum is unavailing, as the court there declined to abstain because the federal action was filed first, the federal forum was convenient for all the parties, and the parties "agree[d] that proceeding in the federal Court will not result in piecemeal litigation."

showing that courts view federal actions as vexatious or contrived where, as here, the claims could have been easily asserted in the state litigation. (*See* Def. Br. at 12 (collecting authorities).) Plaintiffs' assertion that this is nothing but "pure speculat[ion]" (Opp'n at 11-12) relies on *Yeomans Chicago Corp. v. Goulds Pumps, Inc.*, 2013 WL 655519, at *5 (N.D. Ill. Feb. 21, 2013), where the court, sitting on diversity jurisdiction, had no occasion to consider whether claims asserted in the federal action could have been included in the state case. Plaintiffs have set forth no discernable reason why the claims should be split between the two forums when they can efficiently proceed in one. Their continuous insistence on splitting them even further, as their yet another recently filed action in the Illinois state court demonstrates, strongly suggests that Plaintiffs are forum shopping. This Court is empowered to decline Plaintiffs' game of musical forums and abstain.

## CONCLUSION

For all the foregoing reasons, as well as the reasons stated in Defendants' opening papers, their motion to stay should be granted,

| | |
|---|---|
| Dated: February 24, 2021 | */s/ Elizabeth L. Janczak*<br>Freeborn & Peters LLP<br>Elizabeth L. Janczak (Ill. Bar No. 6302864)<br>311 S. Wacker Dr., Suite 3000<br>Chicago, IL 60606<br>Telephone: (312) 360-6000<br>Facsimile: (312) 360-6520<br>ejanczak@freeborn.com<br><br>**Gerard Fox Law P.C.**<br>Gerard P. Fox<br>1880 Century Park East, Suite 1410<br>Los Angeles, CA 90067<br>Telephone: (310) 441-0500/Facsimile: (310) 441-4447<br>gfox@gerardfoxlaw.com<br>*Attorneys for Defendants* |