IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------x

ML FASHION, LLC and ML RETAIL, LLC,

    Plaintiffs,

    v.

NOBELLE GW LLC, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU,

    Defendants.

---------------------------------------------------------------x

Case No. 1:20-cv-05124

Hon. Steven C. Seeger

**PLAINTIFFS ML FASHION, LLC AND ML RETAIL, LLC'S
OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY**

Plaintiffs ML Fashion, LLC ("ML Fashion") and ML Retail, LLC ("ML Retail") (collectively, "Plaintiffs") submit this opposition to the Motion for Leave to File a Reply (Dkt. No. 77) (the "Motion for Leave"), brought by Defendants Nobelle GW LLC ("Nobelle"), Stephanie Menkin ("Menkin"), Sarit Maman Nagrani ("Nagrani"), and Nicolas Goureau ("Goureau") (collectively, "Defendants"). Plaintiffs respectfully submit that Defendants' reply would be futile, and the Motion for Leave should be denied. Defendants' proposed reply raises four points, each of which is misleading and is conclusively refuted by Plaintiffs' opposition submission. Two of these points are particularly misleading, and underscore the futile nature of the proposed reply.[1]

*First*, Defendants erroneously claim that the Delaware Chancery Court held that Plaintiffs "had no choice" but to violate the prohibition against claim splitting by filing duplicative actions

---

[1] Defendants are also wrong on the other two points—the Court's prior holding regarding Plaintiffs' allegations about misappropriation of funds and Defendants' use of litigation funding—but those issues are covered at length in Plaintiffs' opposition to the motion for sanctions, and the notice of litigation funding lien is attached to the opposition and speaks for itself. *See* Dkt. No. 76 1, 5-6, 7 n.1; Dkt. No. 76-1 Ex. C.

1

in New York and Delaware.  Dkt. No. 77-1 1-2.  The Delaware Chancery Court made no such holding.  The Chancery Court did hold that it "has the unique ability to dissolve Delaware entities." Dkt. No. 76-1 Ex. A 32.  But the Chancery Court then held that this "unique ability" did not justify "subjecting [Plaintiffs in this Illinois case] to duplicitous litigation and inconsistent findings," and accordingly stayed the litigation in Delaware.  *Id.* 33.  Defendants cannot escape the fact that they violated the prohibition against claim splitting, which the Delaware Chancery Court conclusively found.

*Second*, Defendants deride the Chancery Court's sanctioning of Menkin and Goureau as being merely in "a *hearing transcript*."  Dkt. No. 77-1 2 (italics in original).  The Delaware Chancery Court plainly stated that Menkin and Goureau violated "principles [that] are pretty fundamental and laid out in even our written case law . . . . **So fees are shifted on the motion**." Dkt. No. 76-1 Ex. B 6:1-5 (emphasis added).  That Defendants would belittle an express directive of the Chancery Court because the directive was made during an on-the-record hearing and oral ruling is disingenuous.

## CONCLUSION

**WHEREFORE**, Plaintiffs ML Fashion, LLC and ML Retail, LLC respectfully request that this Court deny Defendants' Motion for Leave and award Plaintiffs such other relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated:  April 29, 2021 | Respectfully submitted,<br>SEYFARTH SHAW LLP<br><br>By: */s/ Michael D. Wexler*<br>   Michael D. Wexler<br>   Robyn E. Marsh<br>Willis Tower<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606-6448<br>Telephone:  (312) 460-5559 |

2

Jesse M. Coleman
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 238-1805
*Attorneys for Plaintiffs ML Fashion, LLC and*
*ML Retail, LLC*

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that on April 29, 2021, he caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's ECF system.

                                    /s/ *Michael D. Wexler*
                                    Michael D. Wexler