# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ML FASHION, LLC, and ML RETAIL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NOBELLE GL, LLC, STEPHANIE ) <br> MENKIN, SARIT MAMAN NARANI, and ) <br> NICOLAS GOUREAU, ) <br> ) <br> Defendants. ) | Case No. 1:20-cv-05124 <br><br> Hon. Steven C. Seeger |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER AWARDING SANCTIONS UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT AUTHORITY**

Defendants,[1] by and through their undersigned counsel, submit this reply (the "Reply") in support of their motion for entry of an order awarding sanctions (the "Motion") (Dkt. No. 72) in favor of Defendants. Defendants acknowledge that the Court's briefing order as to their motion did not provide for any replies (Dkt. No. 75). However, Defendants respectfully submit that this Reply is necessary to briefly address certain material factual misstatements and omissions set forth in Plaintiffs' opposition papers as follows:

*First*, Plaintiffs accuse Defendants of multiplying proceedings by splitting their claims between the Delaware and New York actions (collectively, the "First-Filed Litigation") and cite the recent stay order from the Delaware litigation to support this claim. (*See* Declaration of Michael Wexler, Ex. A.) But, as the Delaware court specifically observed, Defendants had no choice in the matter, since they brought dissolution claims that were exclusive to Delaware. (*See*

---

[1] Capitalized terms not defined in this Reply shall have the meaning ascribed to them in the Motion and memorandum in support submitted therewith.

*id.* at 32-33 (citing this as a reason to stay rather than dismiss the action)). Similarly, claims for dissolution of a New York entity that is at issue in the New York action are exclusive to New York courts. Given that Lemonis and his entities are alleged to have looted both New York and Delaware companies and Menkin and Goureau sought dissolution of both, they had no choice but to pursue litigation in both forums. By contrast, all the claims Plaintiffs have asserted outside of the First-Filed Litigation could have been raised there—yet Plaintiffs insisted on filing more actions anyway. Indeed, there is no reason why Plaintiffs could not assert their Nobelle-related claims in the Delaware action, since their unfair competition claims arise from the very same LLC Agreement that is at issue in Delaware. And while the Delaware action is now stayed (*see* Motion at 3 n.3), it will resume as soon as the New York action ends.

*Second*, Plaintiffs contend that Defendants' motions never raised the duplicative nature of the Cook County Action (Opp'n at 5), thus ignoring that it was the subject of Defendants' abstention motion (Dkt. No. 46). As shown in that motion, the Cook County Action repeats the misappropriation allegations asserted in the action at bar word-for-word. Plaintiffs' attempt to minimize this copycatting by citing this Court's observations that the misappropriation allegations "[did not] play much role" in Plaintiffs' request for emergency relief simply ignores that the allegations were still part of the basis for the asserted claims here and thus required motion practice just like all their other allegations.

*Third*, although irrelevant vis-à-vis the relief sought here, the reason Plaintiffs cite a *hearing transcript* in support of their claim that Defendants were "sanctioned" in the Delaware litigation for some "improper discovery tactics" (Opp'n at 6) is that no such order was ever issued.

*Fourth*, although whether Defendants actually incurred the underlying fees at issue here is, once again, irrelevant to the relief sought, Plaintiffs' sheer speculation that Defendants have been sponsored in this action (as opposed to any other action) is baseless. Indeed, Defendants in this action have actually footed the (very substantial) legal bills out of their own pockets.

Finally, should the Court find that any further response is warranted as to Plaintiffs' argument on the applicable law, Defendants will submit further briefing thereon.

| | |
|---|---|
| Dated: April 30, 2021 | */s/ Elizabeth L. Janczak* |
| | Freeborn & Peters LLP |
| | Elizabeth L. Janczak (Ill. Bar No. 6302864) |
| | 311 S. Wacker Dr., Suite 3000 |
| | Chicago, IL 60606 |
| | Telephone: (312) 360-6000 |
| | Facsimile: (312) 360-6520 |
| | ejanczak@freeborn.com |
| | |
| | **Gerard Fox Law P.C.** |
| | Gerard P. Fox |
| | Lauren M. Greene |
| | 1880 Century Park East, Suite 1410 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 441-0500 |
| | Facsimile: (310) 441-4447 |
| | gfox@gerardfoxlaw.com |
| | lgreene@gerardfoxlaw.com |
| | |
| | *Attorneys for Defendants* |