**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

------------------------------------------------------------------x

|  |  |
|---|---|
| ML FASHION, LLC and ML RETAIL, LLC, | : Case No. 1:20-cv-05124 |
| | : |
| Plaintiffs, | : Hon. Steven C. Seeger |
| | : |
| v. | : |
| | : |
| NOBELLE GW LLC, STEPHANIE MENKIN, | : |
| SARIT MAMAN NAGRANI, and NICOLAS | : |
| GOUREAU, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------x

**PLAINTIFFS ML FASHION, LLC AND ML RETAIL, LLC'S**
**RESPONSE TO DEFENDANTS' NOTICE OF "SUPPLEMENTAL AUTHORITY"**

Plaintiffs ML Fashion, LLC ("ML Fashion") and ML Retail, LLC ("ML Retail") (collectively, "Plaintiffs") submit this response to the Notice of Supplemental Authority (ECF 81), filed by Defendants Nobelle GW LLC ("Nobelle"), Stephanie Menkin ("Menkin"), Sarit Maman Nagrani ("Nagrani"), and Nicolas Goureau ("Goureau") (collectively, "Defendants").

As previously stated to this Court, Defendants conflate the allegations and claims set forth in this action with other actions pending in other jurisdictions. Notwithstanding Defendants' continued failure to appreciate that the operative facts, causes of action, and several of the parties here are ***different*** from those raised in the Cook County action, Defendants once again attempt to misrepresent holdings by collateral courts. (*See, e.g.,* ECF 78.) While it is true that the Cook County Court dismissed the action for lack of personal jurisdiction, Defendants misconstrue both the substance and effect of the Court's ruling. First, such a holding has no bearing on this Court's consideration of the pending motion for sanctions pursuant to 28 U.S.C. § 1927, such that a to-be-issued state court order has any basis to be "supplemental authority" before this Court. Indeed, Illinois law dictates that adjudication on matters of jurisdiction are <u>not</u> holdings on the merits, and

1

therefore, does not have any impact on the sole motion before this Court. *See* 735 ILCS 5/2–301(b) ("No determination of any issue of fact in connection with the objection [to personal jurisdiction] is a determination of the merits of the case or any aspect thereof."). Second, and perhaps more importantly, this Court is not bound by Illinois state court determinations on the requirements of due process to support personal jurisdiction. *See Koster v. Automark Industries, Inc.*, 640 F.2d 77, 80 (7th Cir. 1981). Defendants' suggestion that supplemental authority exists or is forthcoming should be rejected.

## CONCLUSION

**WHEREFORE**, Plaintiffs ML Fashion, LLC and ML Retail, LLC respectfully request that this Court reject Defendants' attempt to file "supplemental authority" and award Plaintiffs such other relief as the Court may deem just and proper under the circumstances.

Dated:  May 3, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Michael D. Wexler*
   Michael D. Wexler
   Robyn E. Marsh
Willis Tower
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5559

Jesse M. Coleman
700 Milam Street, Suite 1400
Houston, Texas  77002
(713) 238-1805
*Attorneys for Plaintiffs ML Fashion, LLC and ML Retail, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 3, 2021, he caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's ECF system.

/s/  *Michael D. Wexler*
Michael D. Wexler