ML Fashion, LLC, et al.
                        Plaintiff,

v.                                                   Case No.: 1:20–cv–05124
                                                  Honorable Steven C. Seeger

Nobelle, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, December 20, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: Defendants' motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent power (Dckt. No. [72]) is hereby denied. This case was a part of multi–front, long–running dispute about the business relationship between Marcus Lemonis and ML Fashion (on the one hand) and Stephanie Menkin, Nicolas Goureau, and Nobelle (on the other). When this lawsuit arrived in this district, some or all of the parties were already embroiled in litigation in the Court of Chancery in Delaware, and in federal court in the Southern District of New York. See Goureau et al. v. Lemonis et al. (Del. Ct. Ch.) (Dckt. No. [14]–3); Goureau et al. v. Lemonis et al. (S.D.N.Y.) (Dckt. No. [14]–4). Defendants moved to dismiss this Illinois action for lack of personal jurisdiction. (Dckt. No. [40]) While that motion was pending, Plaintiffs voluntarily dismissed their complaint. (Dckt. No. [70]. The Court then dismissed the case without prejudice on April 4, 2021 (Dckt. No. [71]). Less than a week later, Plaintiffs filed a new suit in federal court in Connecticut. See ML Fashion, LLC et al. v. Nobelle GW, LLC (D. Conn.) (Dckt. No. [74]–1). In that complaint, Plaintiffs noted that "rather than burden the court in Illinois with Defendants' baseless arguments regarding jurisdiction and claim splitting," they dismissed the complaint and "are re–filing their claims in this Court, where Defendants cannot in good faith claim that they are not subject to the Court's personal jurisdiction." See Cplt., at par. 20607, in ML Fashion, LLC et al. v. Nobelle GW, LLC (D. Conn.) (Dckt. No. [74]–1). Now, Defendants argue that filing in Illinois in the first place was sanctionable conduct. Plaintiffs' suit in this district, which opened a third judicial front in the battle between the parties, was perhaps unnecessary. The connection to this forum seems attenuated at best, and filing a new lawsuit (in Plaintiffs' backyard, far away from the Connecticut store) was perhaps gratuitous. But it was not sanctionable. Sanctions under section 1927 require a "serious and studied disregard for the orderly process of justice." Badillo v. Cent. Steel & Wire Co., 417 F.3d 1160, 1166 (7th Cir. 1984). Sanctions under the Court's inherent powers are appropriate when a party "litigates in subjective bad faith." Id. at 1165. That is, sanctionable conduct is a pretty high bar. Maybe Plaintiffs' personal jurisdiction argument was flimsy, but it was not in complete disregard for the judicial process or in subjective bad faith. It is true that litigating here is convenient for Plaintiffs, and burdensome and costly for Defendants (and Plaintiffs must have known that in advance). And it is true that there is, by all appearances, considerable bad blood between the parties. Still, there isn't much of a basis

for a finding of subjective bad faith, other than speculation. And regardless, if the Court had decided to dismiss for lack of personal jurisdiction in its eventual ruling, Plaintiffs would have been allowed to try again in Connecticut anyway. (But it is true that Defendants would not have incurred costs getting from here to there.) So, the current state of litigation is not that different had this case never occurred. All in all, the Court finds that Plaintiffs' conduct does not warrant sanctions under either section 1927 or the Court's inherent authority. The Court does have concerns about how litigation between the parties has metastasized and spread across the country, and the Court has concerns about claim−splitting, too. But the Court concludes that the filings do not rise to the high level of sanctionable conduct. Motion denied. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.